NORTH CAROLINA NATIONAL BANK AND NICK J. MILLER, CO-TRUSTEES, AND MARJORIE A. WELLING v. T. RICHARD MORRIS AND WIFE, ELEANOR R. MORRIS, ROBERT L. VINCENT AND WIFE, ALICE MARIE M. VINCENT, GEORGE F. MIFFLETON, III AND WIFE, CAROLYN T. MIFFLETON

No. 7926SC462

(Filed 19 February 1980)

**Deeds § 19.4— driveway easement reserved—restrictions of prior deeds not violated**

The restrictive covenants and reservations placed in deeds conveying lands from plaintiffs to four of the defendants were not violated by the reservation of a fifteen foot driveway easement along the boundary of a lot sold by the four defendants to the remaining defendants, since the prior deeds, with their covenants and reservations, contemplated limited division of the lands for the building of single family dwellings; it was reasonable to expect that easements would be necessary for access to the lots established; and the covenants in the prior deeds reserved a right of way along the side lines for poles or conduits for utilities and drainage and grantors therefore anticipated that easements along the lot lines would not necessarily depreciate the value of the property.

APPEAL by plaintiff from *Snepp, J.* Judgment entered 27 February 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 January 1980.

This is an action for a declaratory judgment to construe the reservation of a driveway easement in a deed to property conveyed by the defendants Vincent et ux and Morris et ux to Miffleton et ux, and for an injunction to prevent the violation of deed restrictions as a result thereof. Defendants denied any violation of the restrictions. The parties waived trial by jury. The court found the following facts, which are not contested.

1. Plaintiffs, North Carolina National Bank and Nick J. Miller, conveyed seven tracts of property to defendants, T. Richard Morris and wife, Eleanor R. Morris, and Robert L. Vincent and wife, Alice Marie M. Vincent, by two separate deeds which are recorded in Book 4049 at Page 401 and 407 of the Mecklenburg County Public Registry, respectively.

2. The property conveyed by deed recorded in Book 4049 at Page 407 was subject to the restrictions and covenants, which ran with the land, recorded in Book 2123 at Page 247

of the Mecklenburg County Public Registry. [These restrictions *inter alia* are as follows: (1) This tract of land hereby conveyed shall be used for a single family residence only and shall not be subdivided. (2) No structure shall be erected, altered, placed or permitted to remain on this tract other than one detached single family residence not to exceed two and one-half stories in height and a private garage for not more than three cars.]

3. The property conveyed by deed recorded in Book 4049 at Page 401 was subject to the restrictions and covenants contained within said deed, which ran with the land, and provided, among other things, that Tract I of said parcel could be subdivided into not more than three residential building tracts with access via Home Place, and Tract II of said parcel could be subdivided into lots to be used for single family residences only with access via Elizabeth Lane.

4. Defendants, T. Richard Morris and wife, Eleanor R. Morris, and Robert L. Vincent and wife, Alice Marie M. Vincent, transferred and conveyed to defendants, George F. Miffleton, III and wife, Carolyn T. Miffleton, by deed recorded in Book 4138 at Page 629 of the Mecklenburg County Public Registry, a portion of the property previously conveyed to them by deed recorded in Book 4049 at Page 407 and identified therein as Tract IV, while excepting and reserving an exclusive permanent 15-foot access driveway for ingress, egress, and regress beginning at Home Place and continuing along the southerly and easterly boundaries of said tract to a residential building lot within the property of Defendants, the Morrises and the Vincents, which had been conveyed to them by deed recorded in Book 4049 at Page 401.

5. The property transferred and conveyed to the Defendants, the Miffletons, upon which the easement was imposed, is subject to the restrictions recorded in Book 2123 at Page 247 and the property which the easement serves is subject to the restrictions contained within the deed recorded in Book 4049 at Page 401.

Upon these facts the court made the following conclusions of law:

1. The reservation and use of right-of-way easements to provide means of ingress and egress to proposed residential lots was contemplated by and was consistent with the intention of the parties in agreeing to the restrictions upon the subject property and with the results sought thereby, and such easements neither interfere with the carrying out of the intentions of the parties nor defeat the purpose of the restrictions.

2. The exception and reservation of an exclusive permanent 15-foot access driveway across the property of Defendants, the Miffletons, is not a violation of the covenants and restrictions to which it is subject or of the covenants and restrictions upon the property served by said driveway.

Plaintiffs appealed from entry of judgment declaring that defendants are not in violation of the covenants and restrictions contained in plaintiffs' conveyances.

*Sanders, London & Welling, by Charles M. Welling, for plaintiff appellants.*

*Perry, Patrick, Farmer & Michaux, by Richard W. Wilson and James G. Wallace, for defendant appellees.*

HILL, Judge.

Plaintiffs assert that the reservation of a fifteen foot driveway easement along the boundary of the lot sold by defendants Morris and Vincent and their wives to the defendants Miffleton constitutes a subdivision of the lot and violates the restrictive covenants and reservations placed in prior deeds in the chain of title concerning the usage to which the land could be put.

In construing restrictive covenants, the fundamental rule is that their intention must be gathered from study and consideration of all covenants contained in the instrument or instruments creating the restrictions. *Callaham v. Arenson,* 239 N.C. 619, 80 S.E. 2d 619 (1954).

In construing a deed, it is the duty of the court to ascertain the intent of the grantor as embodied in the entire instrument, and every part of the deed must be given effect if this can be

done by responsible interpretation. *Hardy v. Edwards*, 22 N.C. App. 276, 206 S.E. 2d 316, *Cert. denied* 285 N.C. 659, 207 S.E. 2d 753 (1974).

> Covenants and agreements restricting the free use of property are strictly construed against the limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction to affect lands not specifically described, or to grant rights to persons in whose favor it is not clearly shown such restrictions are to apply. Doubt will be resolved in favor of the unrestricted use of the property, so that where the language . . . is capable of two constructions, the one that limits, rather than one which extends it, should be adopted, and that construction should be embraced which least restricts the free use of the land. 20 Am. Jur. 2d, Covenants, Conditions and Restrictions § 187, pp. 755-6.

It is elementary that reference can be made in one deed to another deed for the purpose of incorporating provisions without the necessity of spelling out the details. This occurred in the deeds under consideration where the restrictions were set out in detail elsewhere and incorporated by reference. Hence, to determine the intent of the grantor, it is necessary to examine the chain of title to the property in question, as well as the immediate facts.

The lands described in Deed Book 4049, page 401, and in Deed Book 4049, page 407, totaled approximately 28 acres and were contiguous. Two deeds apparently were used in conveying the lands by the plaintiffs to the defendants Morris and Vincent in order to separate the five lots described in Book 4049, at page 407, and subject to the restrictions mentioned above, from the two tracts set out in Deed Book 4049, at page 401, which were not subdivided into lots at the time. However, the deed conveying the two tracts (recorded in Book 4049, at page 401) permits Tract I described therein to be further subdivided into not more than three building tracts with access via Home Place (a street). Tract II contains no limitation as to the number of lots, provides for access by Elizabeth Lane, and requires a house to face the street on which the lot fronts. The right of way, which is the subject of this controversy, begins in the center of Home Place and runs along

the southerly and easterly line of the lot owned by defendant Miffleton, one of the five lots included in Deed Book 4049, at page 407, along the margin of a lake, where it provides access to a lot lying east of the lake. The lot served by the right of way is the northern part of Tract I in Deed Book 4049, at page 401. Considering the fact that the lake mentioned above must be by-passed, the right of way offers the most direct route from the lot served to Home Place.

"Whether or not the maintenance, use, or grant of a right of way over restricted property is a violation of the restriction depends largely upon the language of the restriction, the objects sought to be obtained, and the conditions and circumstances surrounding the premises involved." 20 Am. Jur. 2d, Covenants, Conditions and Restrictions § 232, p. 798.

> In general, it may be said that if the granting of the right of way seems to be inconsistent with the intention of the parties in creating or agreeing to the restriction and with the result sought to be accomplished thereby, the Courts incline to hold such a grant to be a violation of the restriction, while if the granting of the right of way does not interfere with the carrying out of intention of the parties and the purpose of the restrictions, it will not be held to be a violation. Annot., 39 A.L.R. 1083 (1929).

In the case *sub judice*, both tracts of land were owned by the defendants Morris and Vincent. They were a part of a common larger tract originally owned by the plaintiffs. One tract so conveyed was already subdivided, and the deed to the undeveloped tract provided for the subdivision of it into three residential lots. The tract to be subdivided provided that it would be served by Home Place. Since all boundaries of the tract did not face on Home Place, it is reasonable to expect easements would be necessary for access to the lots established. Here only a driveway was reserved, not a street or roadway.

The lot over which the right of way passes is within the easternmost tract described in Book 4049, page 407, and is contiguous to the tract to be subdivided into three lots. Considering the fact that a lake lies between Home Place and the lot to be served by the driveway, making direct access impractical, if not

impossible, it is likewise reasonable to expect location of the driveway over adjoining property.

The restrictive covenants set out in Deed Book 2123, page 247, which affect the subject property, reserve a right of way along the front, rear and side lines for poles or conduits for utilities, and for drainage. Hence, it was anticipated by the grantor when the covenants and restrictions were imposed that easements along the lot lines would not necessarily depreciate the value of the property. In this case the inconsistency between the right of way and the restriction does not interfere with the purposes of the restrictions as originally established.

Plaintiff relies heavily on *Long v. Branham,* 271 N.C. 264, 156 S.E. 2d 235 (1967), which is recognized as the leading decision in North Carolina with respect to the application of residential and subdivision restrictions to access easements. Justice Sharp (later Chief Justice), in a thorough opinion, reviews cases in other jurisdictions, makes distinctions, offers guidelines and concludes that each case must be judged on the particular facts. In *Long,* the Supreme Court concluded that the restrictive covenants at issue precluded the road proposed by the defendant. The facts are distinguishable in the case *sub judice.* Here a driveway, not a road, is involved. Furthermore, in *Long* the proposed road would have connected two subdivisions, thus converting a quiet access road into a thoroughfare. In our case, the driveway only gives access to a street for one house—access that is provided for in the deed.

We have examined the facts and circumstances in the cases cited by plaintiff as well as in the case before us and conclude that the trial judge did not err in making his conclusions of law.

The judgement entered in the court below is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.