BILL M. TAYLOR AND WIFE, LINDA B. TAYLOR, PLAINTIFFS-APPELLEES v. ALFRED S. KENTON, CALVIN M. CHAPPELL, SR. AND WIFE, MARY S. CHAPPELL, CALVIN M. CHAPPELL, JR. AND WIFE, KIMBERLY M. CHAPPELL, DEFENDANTS-APPELLANTS

No. 911SC144

(Filed 18 February 1992)

**1. Deeds § 85 (NCI4th)— subdivision restrictive covenants— residential structures—use of lot for driveway**

The trial court correctly granted summary judgment for plaintiffs in an action for injunctive relief to prevent defendants from constructing a driveway across a lot in a residential subdivision to land outside the subdivision in violation of the subdivision's restrictive covenants. Defendants' proposed use would undermine a plain and obvious purpose of the subdivision which was to provide lot owners with a residential neighborhood in which they would have some assurance that the homes would conform to the standards set out in the covenants. Defendants' reliance on *North Carolina National Bank v. Morris*, 45 N.C. App. 281, is misplaced because defendants' granting of the right of way here is inconsistent with the parties' intentions in creating and agreeing to the covenants.

**Am Jur 2d, Covenants, Conditions, and Restrictions § 232.**

**2. Trial § 3.1 (NCI3d)— action to enforce restrictive covenants— continuance denied—no abuse of discretion**

There was no abuse of discretion in an action to enforce subdivision restrictive covenants where defendants asked for the continuance so that they could depose the developer of the subdivision regarding inconsistencies in prior statements and actions, but testimony concerning the developer's desire for a self-contained residential subdivision and his conduct in granting and offering rights of way is irrelevant to whether

TAYLOR v. KENTON

[105 N.C. App. 396 (1992)]

building a driveway over a lot violates the restrictive covenants to which the lots are subject.

**Am Jur 2d, Continuance § 9.**

3. **Deeds § 79 (NCI4th)— subdivision—restrictive covenants— standing to enforce**

The trial court did not err by denying defendants' motion to dismiss based on plaintiffs' alleged lack of standing where plaintiffs had brought an action to challenge the construction of a driveway and defendants contended the developer was the only person with standing to challenge the violation of these restrictive covenants. The agreement does not specifically say that the lot owners may enforce the restrictive covenants but does provide that the covenants are to run with the land and shall be binding on all parties and all persons claiming under them. The Court of Appeals was not persuaded that plaintiffs, who own lots in the subdivision, were not entitled to enforce the restrictive covenants.

**Am Jur 2d, Covenants, Conditions and Restrictions §§ 293-297.**

**Comment Note—Who may enforce restrictive covenant or agreement as to use of real property. 51 ALR3d 556.**

4. **Appeal and Error § 425 (NCI4th)— citations of authority—not included—assignment of error abandoned**

Defendants abandoned an assignment of error by failing to cite authority in support of their argument. N.C. R. App. P. 28(b)(5).

**Am Jur 2d, Appeal and Error §§ 658, 700.**

APPEAL by defendants from order entered 8 October 1990 by *Judge Thomas S. Watts* in PASQUOTANK County Superior Court. Heard in the Court of Appeals 12 November 1991.

Plaintiffs filed suit for injunctive relief to prevent defendants from constructing a driveway across a lot in a residential subdivision in violation of the subdivision's restrictive covenants. Plaintiffs own a residence on lots 18 and 19 in the Country Club Forest subdivision in Pasquotank County north of Elizabeth City. Defendant Alfred S. Kenton owns a residence on lot 20, and defendants Calvin M. Chappell, Sr. and Mary S. Chappell own a residence

on lots 16 and 17. In 1989 Defendants Calvin M. Chappell, Jr. and Kimberly M. Chappell (Chappells Jr.) purchased a 4.8 acre parcel of land located adjacent to and behind lot 20.

On 2 November 1989 Mr. Kenton and his wife conveyed an easement across lot 20 to the Chappells Jr. to give them access to Country Club Drive, a road in the Country Club Forest subdivision. The conveyance was made "upon the express condition that the easement conveyed herein be utilized as a private easement for the benefit of [the Chappells Jr.], their heirs and assigns," and the deed of easement restricted the use of the easement to use as an "access to a single family private residence to be constructed on said property." The Chappells Jr. began construction of the driveway in June 1990. On 25 June 1990 plaintiffs obtained a temporary restraining order halting construction, and on 3 July 1990 the trial court issued a preliminary injunction. On 8 October 1990 Judge Watts granted plaintiffs' motion for summary judgment permanently enjoining defendants from building a driveway across a portion of lot 20 to the tract of land outside the subdivision owned by the Chappells Jr. Defendants appeal.

*Trimpi & Nash, by Thomas P. Nash, IV and John G. Trimpi, for plaintiff-appellees.*

*Brown, Kirby & Bunch, by Mark C. Kirby and Christopher P. Edwards, for defendant-appellants.*

EAGLES, Judge.

On appeal defendants contend that the trial court erred by (1) granting summary judgment for the plaintiffs and denying defendants' motion for summary judgment; (2) allowing the temporary restraining order and preliminary injunction; (3) denying defendants' motion for a continuance; and (4) denying defendants' motion to dismiss. We find defendants' arguments unpersuasive and affirm the order of the trial court.

[1] Defendants first argue that the trial court erred by granting summary judgment for the plaintiffs and denying defendants' motion for summary judgment. We disagree. Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Gore v. Hill*, 52 N.C. App. 620, 279 S.E.2d 102, *disc. review denied*, 303 N.C. 710 (1981).

The Supreme Court has said that "[i]n construing restrictive covenants, the fundamental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions." *Long v. Branham*, 271 N.C. 264, 268, 156 S.E.2d 235, 238 (1967) (emphasis in original). The Court also said:

> "In general, it may be said that if the granting of the right of way seems to be inconsistent with the intention of the parties in creating or agreeing to the restriction and with the result sought to be accomplished thereby, the courts incline to hold such a grant to be a violation of the restriction, while if the granting of the right of way does not interfere with the carrying out of intention of the parties and the purpose of the restrictions, it will not be held to be a violation.

*Id.* at 269, 156 S.E.2d at 239 (1967) (quoting Annotation, Grant of right of way over restricted property as a violation of restriction, 39 A.L.R. 1083 (1925)).

Here, there is evidence that the parties did not expect or intend to allow the use of the lots in Country Club Forest for access to residences on unrestricted tracts of land outside the subdivision. The developers filed a declaration that contained numerous covenants regarding the type of residential structures that may be built, their height, placement on the lot, minimum square footage, the size of any garage, and types of acceptable fencing. The covenants also restrict the use of the property for operating businesses and keeping animals. In our view defendants' proposed use would undermine a plain and obvious purpose of the subdivision which was to provide lot owners with a residential neighborhood in which they would have some assurance that the homes would conform to the standards set out in the covenants.

Defendants contend that the developer's decision to reserve "plugs" of land in two cul-de-sacs is evidence that the parties contemplated access to areas outside the subdivision through Country Club Forest. Here, the developer sold one plug to plaintiffs, whose land adjoined the plug, and the other plug to property owners who owned land adjacent to the subdivision. We agree with plaintiffs that this evidence tends to buttress their contention that none of the residential lots was intended for use as an access to areas outside the subdivision. If anything, the evidence would tend to

show that the plugs, not the residential lots, were for access to the subdivision from outside.

Additionally, we find defendants' reliance on *North Carolina National Bank v. Morris*, 45 N.C. App. 281, 262 S.E.2d 674 (1980), misplaced. Defendants contend that this case is "strikingly similar" to *Morris*, where this Court held that defendants' reservation of a driveway easement along the boundary of a lot would not violate restrictive covenants. *Morris* is distinguishable because in that case there was evidence that the parties anticipated the driveway easement. In *Morris*, the two tracts of land in question were part of a common larger tract. One tract conveyed was already subdivided and the deed for the second tract provided for its subdivision into three residential lots. The deed for this second tract provided that Home Place (a street) would serve the three lots. This Court concluded that "[s]ince all boundaries of the tract did not face on Home Place it is reasonable to expect easements would be necessary for access to the lots established." This Court also noted that "[c]onsidering the fact that a lake lies between Home Place and the lot to be served by the driveway, making direct access impractical, if not impossible, it is likewise reasonable to expect location of the driveway over adjoining property." *Id.* at 285-86, 262 S.E.2d at 677. Here, because defendants' granting of the right of way is inconsistent with the parties' intentions in creating and agreeing to the covenants, we hold that the trial court correctly granted summary judgment for the plaintiffs.

Defendants also argue that the trial court erred in allowing a temporary restraining order and preliminary injunction because plaintiffs failed to demonstrate a reasonable likelihood of success on the merits. Because we hold that plaintiffs are entitled to summary judgment, we find it unnecessary to address this assignment of error.

[2] Defendants next contend that the trial court erred in denying defendants' motion for a continuance. Defendants asked for the continuance so that they could depose the developer of the subdivision regarding inconsistencies in "both [his] prior statements and prior actions." In an affidavit submitted by plaintiffs, the developer said he "intended to establish a relatively small, self-contained residential subdivision to keep noise and traffic at a minimum." The record indicates that the developer granted the Russells a right of way "for ingress and egress from Caddy Lane to a private

residence to be constructed on the adjoining tract of land" over
a plug of land the developer had reserved on another cul-de-sac
in the subdivision. The record also indicates that the developer
had offered the Chappells a similar right of way. A motion to
continue is addressed to the sound discretion of the trial court.
*Shankle v. Shankle*, 289 N.C. 473, 223 S.E.2d 380 (1976). Here,
we find no abuse of discretion. In our view this testimony concern-
ing the developer's desire for a "self-contained residential subdivi-
sion" and his conduct in granting the Russells a right of way and
offering to grant the Chappells a right of way is irrelevant to
whether building a driveway over a lot violates the ·restrictive
covenants to which the lots are subject. "In construing a deed,
it is the duty of the court to ascertain the intent of the grantor
*as embodied in the entire instrument*, and every part of the deed
must be given effect if this can be done by responsible interpreta-
tion." *North Carolina National Bank v. Morris*, 45 N.C. App. 281,
283-84, 262 S.E.2d 674, 676 (1980) (emphasis added). Accordingly,
this assignment of error is overruled.

[3] Finally, defendants contend that the trial court erred in deny-
ing their motion to dismiss based on plaintiffs' lack of standing
to challenge the proposed construction. Defendants concede that
generally grantees in a subdivision are beneficiaries of any and
all restrictive covenants imposed upon the subdivision so as to
give them standing to challenge alleged violations of the restrictive
covenants. However, defendants contend that here the developer
was the only person with standing to challenge the violation of
the restrictive covenants because paragraph 4 of the covenants
provides:

> No lot shall be re-subdivided, nor shall any lot be used or
> converted into a public street or public right of way of any
> nature whatsoever, without the prior written consent of the
> said Carl W. Johnson and wife, Jackie S. Johnson, their heirs
> and legal representatives and assigns.

Defendants contend that "[t]he Johnsons established their own rule
of standing in Paragraph 4 of the Covenants" and that "[t]he Johnsons
have actively exercised their ability to oversee development in
the subdivision in the past."

The Supreme Court has said:

> "Sometimes restrictive covenants expressly provide that they
> may be enforceable by any owner of property in the tract.

Where such is the case, the right of an owner to enforce the same is, of course, clear. Similarly, where the agreement declares that the covenant runs with the land for the benefit of other lots or other owners, it may be so enforced."

*Lamica v. Gerdes*, 270 N.C. 85, 90, 153 S.E.2d 814, 818 (1967) (quoting 20 Am. Jur. 2d § 292). Here, the agreement does not specifically say that the lot owners may enforce the restrictive covenants. However, the agreement does provide: "The foregoing covenants are to run with the land and shall be binding on all parties and all persons claiming under them." The Supreme Court has said that the right to sue and enforce restrictive covenants against any other lot owner taking with record notice "rests upon the principle that a negative easement of this sort is a property right amounting to an interest in land." *Craven County v. First Citizens Bank and Trust*, 237 N.C. 502, 513, 75 S.E.2d 620, 628 (1953). We are not persuaded by defendants' argument that plaintiffs, who own lots in the subdivision, are not entitled to enforce the restrictive covenants.

[4] Additionally, we note that Rule of Appellate Procedure 28(b)(5) states that "[t]he body of the argument shall contain citations of the authorities upon which the appellant relies." Since defendants have failed to cite authority in support of their argument, they have abandoned this assignment of error. See *Byrne v. Bordeaux*, 85 N.C. App. 262, 354 S.E.2d 277 (1987).

For the reasons stated, the order of the trial court is affirmed.

Judges JOHNSON and ORR concur.