MICHAEL J. MCCRANN, KELLY C. MCCRANN, HENRY W. DIRKMAAT, LARILYN L. DIRKMAAT, ROBERT C. ANDERSON, JR., AND ANNE M. ANDERSON, PLAINTIFFS
v.
PINEHURST, LLC, VILLAGE OF PINEHURST, AND THE VILLAGE CHAPEL A/K/A VILLAGE CHAPEL, INC., DEFENDANTS

No. COA12-680

Filed 5 February 2013

**1. Appeal and Error—preservation of issues—issue not preserved**

Plaintiffs' argument that the trial court erred in a declaratory judgment action involving restrictive covenants by ruling on defendants' Rule 12(c) motion for judgment on the pleadings because defendants filed the motion simultaneously with their answer was not preserved for appellate review.

McCRANN v. PINEHURST, LLC

[225 N.C. App. 368 (2013)]

**2. Jurisdiction—declaratory judgment—restrictive covenants**

Plaintiffs argument that the trial court erred in a declaratory judgment action involving restrictive covenants by granting defendants' Rule 12(c) motion and defendant Pinehurst, LLC's Rule 12(b)(6) motion was dismissed. Plaintiffs did not have standing to maintain the underlying action because plaintiffs were not parties to the deeds creating the restrictive covenants at issue, and there was no evidence of intent by the covenanting parties to benefit plaintiffs.

**3. Unfair Trade Practices—waivers of restrictive covenants— not fictitious or deceptive**

The trial court did not err in an unfair and deceptive acts or practices case by granting defendant Pinehurst, LLC's Rule 12(b)(6) motion to dismiss. Plaintiffs' contention that the waivers of restrictive covenants signed by defendant Pinehurst, LLC were fictitious and deceptive was without merit.

Appeal by plaintiffs from order entered 17 January 2012 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 14 November 2012.

*Ragsdale Liggett PLLC, by James L. Conner II, for plaintiffs-appellants.*

*Robbins May & Rich LLP, by John M. May, for defendant-appellee Pinehurst, LLC.*

*Van Camp, Meacham & Newman, PLLC, by Michael J. Newman, for defendant-appellee Village of Pinehurst.*

*Smith Moore Leatherwood LLP, by Matthew Nis Leerberg, for defendant-appellee The Village Chapel a/k/a Village Chapel, Inc.*

HUNTER, Robert C., Judge.

Plaintiff-landowners appeal from the trial court's order dismissing plaintiffs' claim for a declaratory judgment regarding defendant Pinehurst, LLC's purported waiver of restrictive covenants encumbering real property situated adjacent to plaintiffs' residential lots. Plaintiffs also appeal from the trial court's dismissal of their claim that by signing and filing the restrictive covenant waivers, Pinehurst, LLC committed acts that qualify as unfair and deceptive practices. After careful review, we affirm the trial court's order.

## Background

The record establishes that the town of Pinehurst, North Carolina was established on land once owned by Mr. Leonard Tufts. Mr. Tufts adopted a general plan for the development of the area, and, in 1895, commissioned a resort to be constructed on his land that included a central lot of 15 acres, which was commonly known as the Village Green.

In 1924, a church building was constructed on the Village Green and, over the years, portions of the original 15 acres were conveyed to other owners. As of 1982, only 9.3 acres of the Village Green remained, and it was then owned by Pinehurst Inc. Pinehurst Inc. divided the Village Green into two tracts of land and conveyed both tracts via gift deeds. Pinehurst Inc. conveyed a two-acre tract of the Village Green to Village Chapel, Inc. (a/k/a the Village Chapel) in 1982. In 1983, Pinehurst Inc. conveyed the remaining 7.3-acre tract of the Village Green to defendant The Village of Pinehurst, a North Carolina municipal corporation. Both gift deeds contained the following identical restriction on the construction of any building or permanent structure on the land:

> This Conveyance is Subject to: . . . (v) the condition that that Grantee may not erect any building or permanent structure on the above described property and Grantee shall only use the property for access purposes, unpaved parking or as a naturally landscaped area, which conditions shall be appurtenant to and pass with the title to the property and for which any violation may be enforced by Grantor through injunctive relief.

(Hereinafter, "the restrictive covenants.")

In 1984, Pinehurst Inc. conveyed ownership of the Pinehurst Hotel and Country Club to Resorts of Pinehurst, Inc. via a special warranty deed. This 1984 deed provided that the conveyance included "all rights of way, privileges, reversions and easements heretofore reserved, assigned or conveyed to Pinehurst [Inc.] or its predecessors in title." In 1988, Resorts of Pinehurst, Inc. changed its name to Pinehurst, Inc., which is a corporate entity distinct from Pinehurst Inc. *See Bicket v. McLean Sec., Inc.*, 138 N.C. App. 353, 356, 532 S.E.2d 183, 184-85 (noting the relationship between Resorts of Pinehurst, Inc., Pinehurst, Inc., and Pinehurst Inc.), *disc. review denied*, 352 N.C. 587, 544 S.E.2d 777 (2000). In 2006, Pinehurst, Inc. was converted into Pinehurst, LLC.

In 2008, Pinehurst, LLC signed a document purporting to release Village Chapel, Inc. from the restrictive covenant prohibiting construction on the two-acre tract of the Village Green that was conveyed via the 1982 gift deed. Similarly, in 2009, Pinehurst, LLC signed a document purporting to release The Village of Pinehurst from the same restrictive covenant contained in the 1983 gift deed conveying the 7.3-acre tract of the Village Green. (Hereinafter, "the waivers.")

On 27 September 2011, Michael J. McCrann, Kelly C. McCrann, Henry W. Dirkmaat, Larilyn L. Dirkmaat, Robert C. Anderson, Jr., and Anne M. Anderson (collectively "plaintiffs") filed the underlying action against defendants Pinehurst, LLC, The Village of Pinehurst, and Village Chapel, Inc. (collectively "defendants"). Plaintiffs are residents of Pinehurst who own and reside on real property adjacent to the Village Green.

In their complaint, plaintiffs alleged that Pinehurst, LLC's purported waivers have created confusion as to whether the restrictive covenants in the 1982 and 1983 gift deeds still encumber the Village Green. In their first claim for relief, plaintiffs sought a declaratory judgment that Pinehurst, LLC's waivers were ineffective. In support of this claim, plaintiffs alleged that Pinehurst, LLC was not the successor in interest to Pinehurst, Inc., the grantor of the restrictive covenant, and as such, Pinehurst, LLC did not have the authority to waive the restrictive covenants. Alternatively, plaintiffs contended that they are intended beneficiaries of the restrictive covenants and, thus, their consent to the waiver was required. Plaintiffs sought an injunction prohibiting any construction in violation of the restrictive covenants purportedly waived. In their second claim for relief, plaintiffs alleged that Pinehurst, LLC's signing and filing of the waivers amounted to unfair and deceptive practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1.[1] Plaintiffs alleged that Pinehurst, LLC's signing and filing of the waivers had resulted in a devaluation of their property, for which they sought to recover damages, treble damages, and attorneys' fees.

Defendants filed their answer on 28 November 2011, which included a motion by Pinehurst, LLC to dismiss plaintiffs' unfair and deceptive acts or practices claim for failure to state a claim for relief pursuant to North Carolina Rule of Civil Procedure 12(b)(6).

---

1. Plaintiffs cite N.C. Gen. Stat. § 75-1.1 in their complaint to allege "unfair and deceptive trade practices" by Pinehurst, LLC. While references to the acts proscribed by this statute as "trade practices" persist in our caselaw, the word "trade" was removed from the statute in 1977. See 1977 N.C. Sess. Laws ch. 747, § 1.

Separately, all defendants filed a motion for judgment on the pleadings pursuant to North Carolina Rule of Civil Procedure 12(c) as to plaintiffs' declaratory judgment claim arguing that no material issue of fact existed and that defendants were entitled to judgment as a matter of law. The matter was heard in the 9 December 2011 term of the Moore County Civil Superior Court, Judge James M. Webb presiding. After considering the arguments of counsel, the pleadings, and the attached exhibits, the trial court entered an order on 17 January 2012 granting both motions. Plaintiffs appeal.

## Discussion

Plaintiffs first argue that the trial court erred in ruling on defendants' Rule 12(c) motion for a judgment on the pleadings because defendants filed the motion simultaneously with their answer. *See Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 203, 652 S.E.2d 701, 706 (2007) ("[A] Rule 12(c) motion cannot be filed simultaneously with an answer."). During the hearing on the motion, plaintiffs informed the trial court of the timing of defendants' filings. However, plaintiff's counsel expressly stated that he was not seeking any relief from the trial court on that basis. Accordingly, the issue has not been preserved for our review. N.C. R. App. P. 10(a) (2012).

[2] Next, plaintiffs make multiple arguments alleging that the trial court erred in granting defendants' Rule 12(c) motion and Pinehurst, LLC's Rule 12(b)(6) motion. Because we conclude that plaintiffs do not have standing to maintain the underlying action, we affirm the trial court's order.

"Standing is a necessary prerequisite to the court's proper exercise of subject matter jurisdiction." *Creek Pointe Homeowner's Ass'n v. Happ*, 146 N.C. App. 159, 164, 552 S.E.2d 220, 225 (2001), *disc. review denied*, 356 N.C. 161, 568 S.E.2d 191 (2002). " 'If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim.' " *Woodring v. Swieter*, 180 N.C. App. 362, 366, 637 S.E.2d 269, 274 (2006) (quoting *Coker v. DaimlerChrysler Corp.*, 172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005)). Whether a party has standing is a question of law which we review *de novo*, *Indian Rock Ass'n v. Ball*, 167 N.C. App. 648, 650, 606 S.E.2d 179, 180 (2004), and may be raised for the first time on appeal and by this Court's own motion, *Myers v. Baldwin*, 205 N.C. App. 696, 698, 698 S.E.2d 108, 109 (2010).

Plaintiffs first contend that they have standing to maintain their action under general principals of standing. Plaintiffs cite *Happ*, 146

N.C. App. at 168-69, 552 S.E.2d at 227, wherein this Court held a sub-division's homeowner's association had standing to maintain a law-suit against a lot owner for his building a fence across a road in the subdivision. The fence was in violation of a restrictive covenant that granted access to the subdivision's roads to all of the subdivision's residents. *Id.* Because the homeowner's association had a duty to maintain the roads within the subdivision and the defendant's con-struction of the fence interfered with the association's ability to carry out that duty, the association had standing to seek an injunction. *Id.* This case is distinguishable as plaintiffs have no contractual duty or right conferred by the restrictive covenants that were subject of Pinehurst, LLC's waivers.

Plaintiffs also cite *Taylor v. Kenton*, 105 N.C. App. 396, 401, 413 S.E.2d 576, 579 (1992), for the proposition that, "generally grantees in a subdivision are beneficiaries of any and all restrictive covenants imposed upon the subdivision so as to give them standing to chal-lenge alleged violations of the restrictive covenants." *Taylor*, how-ever, is distinguishable. In *Taylor*, the plaintiffs' and the defendants' lots were part of a residential subdivision. *Id.* at 397-98, 413 S.E.2d at 577. The defendants granted a private easement to a third party who owned land adjacent to the subdivision for the construction of a dri-veway across the defendants' lot; the plaintiffs sued and obtained an injunction to prevent the construction. *Id.* at 398, 413 S.E.2d at 577. This Court affirmed the trial court's award of an injunction as we con-cluded the private easement was in contravention of the restrictive covenants that applied to all lot owners in the subdivision. *Id.* at 400, 413 S.E.2d at 578. Here, plaintiffs did not allege that the restrictive covenants that Pinehurst, LLC purported to waive are in contraven-tion of the restrictive covenants included in the Pinehurst Town Plan ("the Town Plan"). The gift deeds conveying the Village Green prop-erty to Village Chapel, Inc. and The Village of Pinehurst included references to the restrictive covenants in the Town Plan and added one restrictive covenant. It was this additional restrictive covenant that was the subject of Pinehurst, LLC's waivers, and the waivers do not purport to alter any restrictive covenants from the Town Plan.

Next, plaintiffs contend that they have standing to maintain their action under the Declaratory Judgment Act as they are parties "inter-ested under a deed . . . written contract or other writings constituting a contract" that seek a "declaration of [their] rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2011). Plaintiffs cite cases from this Court in which we have determined the enforce-

ability of restrictive covenants under the Declaratory Judgment Act. We conclude, however, those cases are distinguishable as the plaintiffs in those cases sought interpretation of restrictive covenants when the covenants were common to the lots of both parties, *Medearis v. Trustees of Myers Park Baptist Church*, 148 N.C. App. 1, 2, 558 S.E.2d 199, 201 (2001), *disc. review denied*, 355 N.C. 493, 563 S.E.2d 190 (2002), and *Hultquist v. Morrow*, 169 N.C. App. 579, 580-81, 610 S.E.2d 288, 290, *disc. review denied*, 359 N.C. 631, 616 S.E.2d 235 (2005), where the plaintiffs had been assigned a right to enforce the restrictive covenants, *Claremont Prop. Owners Ass'n v. Gilboy*, 142 N.C. App. 282, 284, 542 S.E.2d 324, 326 (2001), where the plaintiff sought a declaration of its rights relating to a restrictive covenant in its own deed, *Wal-Mart Stores, Inc. v. Ingles Mkts., Inc.*, 158 N.C. App. 414, 415, 581 S.E.2d 111, 113 (2003), or where a subdivision association sought a determination of whether a particular land use on a lot in the subdivision violated the subdivision's restrictive covenants, *Parkwood Ass'n v. Capital Health Care Investors*, 133 N.C. App. 158, 160, 514 S.E.2d 542, 544, *disc. review denied*, 350 N.C. 835, 539 S.E.2d 291 (1999).

Here, plaintiffs seek a declaratory judgment concerning restrictive covenants created in deeds between Pinehurst, LLC, Village Chapel, Inc., and The Village of Pinehurst. Plaintiffs were not parties to the deeds in which the restrictive covenants were created. Plaintiffs are not successors in title or interest to the land burdened or benefited by the restrictive covenants. Nor, as discussed below, are plaintiffs intended beneficiaries of the restrictive covenants. Thus, we conclude, they are not interested parties in the 1982 and 1983 gift deeds or the subsequent waivers signed by Pinehurst, LLC such as to give them standing under the Declaratory Judgment Act.

Next, plaintiffs contend that they have standing to maintain their action against defendants because the restrictive covenant that Pinehurst, LLC purported to waive is an appurtenant easement created by implied dedication for the benefit of plaintiffs' real property. We disagree.

"A restrictive covenant is a servitude, commonly referred to as a negative easement . . . . In ascertaining the enforceability of restrictive covenants by persons not party thereto, it must be determined whether the grantor intended to create a negative easement for their benefit." *Hawthorne v. Realty Syndicate, Inc.*, 43 N.C. App. 436, 440, 259 S.E.2d 591, 593 (1979), *aff'd*, 300 N.C. 660, 268 S.E.2d 494 (1980).

"An appurtenant easement is an easement created for the purpose of benefitting particular land. This easement attaches to, passes with and is an incident of ownership of the particular land." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 161, 418 S.E.2d 841, 846 (1992). An appurtenant easement may be created through a dedication of land to a particular use. *Id.* at 162, 418 S.E.2d at 846. Such a dedication may be implied through the actions of the owner but requires " 'the intent to appropriate the land to public use[.]' " *Id.* at 163, 418 S.E.2d at 847 (quoting *Spaugh v. Charlotte*, 239 N.C. 149, 159, 79 S.E.2d 748, 756 (1954)). In *Shear*, this Court concluded that a land developer impliedly dedicated a lake and surrounding property to the use of the subdivision's residents. *Id.* The developer's actions evidencing its intent for a dedication to the subdivision residents included recording a plat map that depicted the lake, surrounding undeveloped property, and all of the residential lots, coupled with references to the plat map in conveyances of residential lots. *Id.* at 162-63, 418 S.E.2d at 846.

Plaintiffs contend that the Village Green was impliedly dedicated as a natural space by the previous owners of their lots and the owners of the Village Green because the Village Green was included on plats and maps for over a hundred years. Plaintiffs argument is contradicted by the fact that while the Village Green was originally a 15-acre tract, only 9.3 acres remained as of 1982. Moreover, while the record contains some evidence that the town of Pinehurst was established according to a general plan of development with certain restrictive covenants applying to the real property therein, the restrictive covenants at issue here were not part of that general plan. The restrictive covenants purportedly waived by Pinehurst, LLC do not appear in any deed prior to the 1982 and 1983 gift deeds between Pinehurst Inc., Village Chapel, Inc., and The Village of Pinehurst.

Plaintiffs further contend that Pinehurst Inc. demonstrated its intent to dedicate the Village Green to use as a natural space by its inclusion of the restrictive covenants in the gift deeds. We conclude the record does not support the conclusion Pinehurst Inc. demonstrated any intent to dedicate the Village Green as natural space to the benefit of surrounding residents. Plaintiffs were not parties to the gift deeds and nothing in the restrictive covenants that were the subject of the waivers implies an intent to benefit anyone but the grantor, Pinehurst Inc., its successors and assigns. These restrictive covenants were not part of a common scheme of development, and they expressly state that violation of the covenants may be enforced

by Pinehurst Inc., its successors and assigns. Thus, we conclude that Pinehurst Inc. did not create an appurtenant easement in the Village Green by implied dedication.

Plaintiffs also argue that they have standing to enforce the restrictive covenants as a matter of equity under the theory of equitable servitude. We disagree.

In order to enforce a restrictive covenant under the theory of equitable servitude, plaintiffs must show "(1) that the covenant touches and concerns the land, and (2) that the original covenanting parties intended the covenant to bind the person against whom enforcement is sought *and to benefit the person seeking to enforce the covenant.*" *Runyon v. Paley,* 331 N.C. 293, 310, 416 S.E.2d 177, 190 (1992) (emphasis added). The covenanting parties' intent to benefit the person seeking to enforce the covenant may be shown by evidence of: (1) "a common scheme of development"; (2) "succession of interest to benefitted property retained by the covenantee"; or (3) "an express statement of intent to benefit property owned by the party seeking enforcement." *Id.* at 311-12, 416 S.E.2d at 190 (internal citations omitted).

We conclude the record does not support a finding of the covenanting party's intent to benefit plaintiffs by any one of these three methods. First, the restrictive covenants at issue were not imposed for a common scheme of development that included plaintiffs' real property. Second, plaintiffs are not successor in interest to any benefited property retained by the covenantee, Pinehurst Inc. Third, the restrictive covenants do not contain an express statement of intent to benefit real property owned by plaintiffs. As plaintiffs have not established that the original covenanting parties intended for the covenant to benefit them, they have not established their right to enforce the restrictive covenants under the theory of equitable servitude.

As the Supreme Court of North Carolina has stated, covenants restricting the free use of real property " 'will not be aided or extended by implication or enlarged by construction to affect lands not specifically described, or to grant rights to persons in whose favor it is not clearly shown such restrictions are to apply.' " *Long v. Branham,* 271 N.C. 264, 268, 156 S.E.2d 235, 239 (1967) (citation omitted). Plaintiffs were not parties to the deeds creating the restrictive covenants at issue, and there is no evidence of an intent by the covenanting parties to benefit plaintiffs. We conclude plaintiffs lack standing to maintain their claim.

McCRANN v. PINEHURST, LLC

[225 N.C. App. 368 (2013)]

**[3]** Next, plaintiffs argue the trial court erred in granting Pinehurst LLC's Rule 12(b)(6) motion to dismiss plaintiffs' claim for unfair and deceptive acts or practices under N.C. Gen. Stat. § 75-1.1. We disagree.

In our review of the trial court's ruling on a motion to dismiss under North Carolina Rule of Civil Procedure 12(b)(6), "[t]his Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). While we treat plaintiffs' factual allegations as true, we may ignore plaintiffs' legal conclusions. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974).

Plaintiffs argue that the filing of the waivers by Pinehurst, LLC were deceptive acts because Pinehurst, LLC had no connection to the property to which the restrictive covenants were attached. We interpret plaintiffs' argument to contend that Pinehurst, LLC did not have the authority to waive the restrictive covenants in the 1982 and 1983 gift deeds. However, as described above, Resorts of Pinehurst, Inc., which was the corporate predecessor to Pinehurst, LLC, acquired Pinehurst Country Club in 1984 from Pinehurst Inc. The deed conveying the property provided for the conveyance of "all rights of way, privileges, reversions and easements heretofore reserved, assigned or conveyed to Pinehurst [Inc.] or its predecessors in title." Thus, plaintiffs' contention that Pinehurst Inc. was not the corporate predecessor to Pinehurst, LLC and their insistence that the 1984 deed did not convey the Village Green to Pinehurst, LLC are irrelevant. Pinehurst Inc. conveyed all easements it owned to the corporate predecessor of Pinehurst, LLC via the 1984 deed, which included Pinehurst Inc.'s rights in the restrictive covenants included in the 1982 and 1983 gift deeds. *See Mason-Reel v. Simpson*, 100 N.C. App. 651, 654, 397 S.E.2d 755, 756 (1990) ("The meaning of the terms of the deed is a question of law, not of fact."). Accordingly, plaintiffs' contention that the waivers signed by Pinehurst, LLC were fictitious and deceptive is without merit.

### Conclusion

For the reasons stated above, we conclude the trial court did not err in dismissing plaintiffs' claims, and we affirm the trial court's order.

AFFIRMED.

Judges CALABRIA and ROBERT N. HUNTER, JR. concur.