Chi v. N. Riverfront Marina & Hotel LLLP, 2022 NCBC 46.

STATE OF NORTH CAROLINA

NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 4611

HE CHI; BIAN YIDE; CAO YONGJIE;
CHEN MINZHI; CHENG TAO; HU
KUN; LIANG JINGQUAN; LUO
PENG; MA QIHONG; MA WEIGUO;
SONG YING; WANG JIAN; WANG
LING; WANG XUEHAI; XIE QIN; YE
XIAFEN; and ZHANG YUNLONG,

Plaintiffs,

v.

NORTHERN RIVERFRONT MARINA
AND HOTEL LLLP; NRMH
HOLDINGS LLC; NRMH HOTEL
HOLDINGS LLC; USA INVESTCO
LLC; PAC RIM VENTURE LTD.;
RIVERFRONT HOLDINGS II LLC;
WILMINGTON RIVERFRONT
DEVELOPMENT LLC; GOLDEN
MARINA LLC; CIRCLE MARINA
CARWASH, INC.; CHARLES J.
SCHONINGER; JOHN C. WANG;
JIANGKAI WU; CHRISTOPHER
ARDALAN; and GONGZHAN WU,

Defendants.

**ORDER AND OPINION ON MOTION
TO DISMISS COUNTERCLAIM**

1.     **THIS MATTER** is before the Court on Plaintiffs/Counterclaim-Defendants' Motion to Dismiss Counterclaim ("Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").  (ECF No. 44.)

2.     The Court, having considered the Motion, the briefs supporting and opposing the Motion, the parties' arguments at a hearing held on 16 May 2022, and other relevant matters of record, concludes for the reasons stated below that the Motion should be **DENIED**.

*Ledolaw, by Michelle Ledo, and DGW Kramer, LLP, by Katherine Burghardt Kramer, for Plaintiffs Ma Qihong, Luo Peng, Liang Jingquan, Hu Kun, Cheng Tao, Chen Minzhi, Cao Yongjie, Bian Yide, He Chi, Zhang Yunlong, Ye Xiafen, Xie Qin, Wang Xuehai, Wang Ling, Wang Jian, Song Ying, and Ma Weiguo.*

*The Law Offices of Oliver & Cheek, PLLC, by George M. Oliver, for Defendants Wilmington Riverfront Development LLC, Riverfront Holdings II LLC, USA InvestCo LLC, NRMH Hotel Holdings LLC, NRMH Holdings LLC, Northern Riverfront Marina and Hotel, LLLP, Christopher Ardalan, John C. Wang, Charles J. Schoninger, Circle Marina Carwash, Inc., and Golden Marina LLC.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by Clifton L. Brinson, and Grace A. Gregson, and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., by Kevin N. Ainsworth, for Defendants Pac Rim Venture Ltd., and Gongzhan Wu.*

*The Law Offices of G. Grady Richardson, Jr., P.C., by Jennifer L. Carpenter, for Defendant Jiangkai Wu.*

## I.     FACTUAL AND PROCEDURAL BACKGROUND

3.     The Court does not make findings of fact on a motion to dismiss pursuant to Rule 12(b)(6), but rather recites only those factual allegations from the Counterclaim that are relevant and necessary to a determination of the Motion.[1]

4.     Plaintiffs/Counterclaim-Defendants, He Chi, Bian Yide, Cao Yongjie, Chen Minzhi, Cheng Tao, Hu Kun, Liang Jingquan, Luo Peng, Ma Qihong, Ma Weiguo, Song Ying, Wang Jian, Wang Ling, Wang Xuehai, Xie Qin, Ye Xiafen, and Zhang Yunlong (collectively, "Plaintiffs") are all citizens of the People's Republic of China ("China").  (Answ. & Counterclm. to First Am. & Verif. Compl. [hereinafter "Counterclm."] ¶ 4, ECF No. 35.)

---

[1] The Court's earlier Order and Opinion, ECF No. 76, contains additional factual background.

5.    Defendant/Counterclaim-Plaintiffs Northern Riverfront Marina and Hotel LLLP ("NRMH"), and Wilmington Riverfront Development LLC ("Wilmington Riverfront," collectively, "Defendants"), are North Carolina entities. (Counterclm. ¶¶ 2–3.)

6.    Wilmington Riverfront and Plaintiffs entered into an Agreement of Limited Partnership effective 1 May 2011 (the "Partnership Agreement"). The purpose of the partnership was to form NRMH, a limited partnership through which Plaintiffs invested in the development of property along the riverfront in Wilmington, North Carolina (the "Project"). (Counterclm. ¶ 5.)

7.    Pursuant to the Partnership Agreement, Wilmington Riverfront was the General Partner in NRMH. Each Plaintiff signed a Subscription Agreement and thereby became a Limited Partner in NRMH. (Counterclm. ¶ 6.)

8.    The Partnership Agreement and the Subscription Agreement were both included as exhibits to an Offering Circular that contained additional background information regarding the Project. The Offering Circular was distributed to each Plaintiff. It states in relevant part:

> The information in this Offering Circular is furnished on a <u>confidential</u> basis exclusively for your use and retention and, by accepting this Offering Circular, you agree not to transmit, reproduce or make available to any other person (other than your legal, tax, accounting, and other advisers) all or any part of this Offering Circular without the General Partner's express written permission.

(Counterclm. ¶¶ 5, 6, 8, Ex. B) (emphasis in original).

9.    Similarly, the Subscription Agreement states:

B.     **Confidentiality.** The undersigned acknowledges that the information contained in this Subscription Agreement and in the Offering Circular, and which the undersigned receives orally or in writing from the Partnership is confidential and non-public and agrees that all such information shall be kept in confidence by the undersigned unless disclosure is otherwise required by law or court order.

(Counterclm. ¶ 9.)

10.    The terms of the Partnership Agreement and the Subscription Agreement established a contractual relationship among Plaintiffs, Wilmington Riverfront and NRMH.  (Counterclm. ¶ 6.)

11.    Plaintiffs initiated this action on 13 December 2021, after their investment in NRMH failed to provide the allegedly promised return.  The First Amended & Verified Complaint ("Amended Complaint") was subsequently filed on 3 February 2022, (ECF No. 26).

12.     Plaintiffs included the Offering Circular, with its exhibits, as Exhibit B to their Amended Complaint when they filed the pleading on the public docket.  In addition, Defendants allege that Plaintiffs' pleading contains "numerous accounts of oral and written communications and information relating to the Partnership." (Counterclm. ¶ 10.)

13.    As a result, two of the defendants, NRMH and Wilmington Riverfront asserted a counterclaim against all Plaintiffs for breach of contract.  (Answ. & Counterclm. to First Am. & Verif. Compl., ECF No. 35) ("Counterclm.").  On 30 March 2022, Plaintiffs filed this Motion seeking the dismissal of the counterclaim pursuant to Rule 12(b)(6).

14. On 16 May 2022, the Court held a hearing on the Motion during which all parties except Jiangkai Wu were present.[2] The Motion is now ripe for resolution.

## II. LEGAL STANDARD

15. In ruling on a motion to dismiss a counterclaim pursuant to Rule 12(b)(6), the Court reviews the allegations in the light most favorable to the non-moving party. *See Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 5 (2017). The Court's inquiry is "whether, as a matter of law, the allegations of the [counterclaim] . . . are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670 (1987).

16. The Court accepts all well-pleaded factual allegations in the counterclaim as true. *See Krawiec v. Manly*, 370 N.C. 602, 606 (2018). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274 (2005) (citation omitted). Nor is the Court required to accept a party's legal conclusions set forth in the pleading. *McCrann v. Pinehurst, LLC*, 225 N.C. App. 368, 377 (2013).

17. Furthermore, the Court is not bound by allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint. *Moch v. A.M. Pappas & Assocs., LLC*, 251 N.C. App. 198, 206 (2016) (cleaned up). The Court may consider these attached or incorporated documents

---

[2] Defendant Jiangkai Wu had not been served at the time of the hearing and therefore did not appear.

without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Id.* (citation omitted).

18. Our Supreme Court has noted that "[i]t is well-established that dismissal pursuant to Rule 12(b)(6) is proper when '(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.' " *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615 (2018) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166 (2002)). This standard of review under Rule 12(b)(6) is the standard our Supreme Court "uses routinely . . . in assessing the sufficiency of complaints in the context of complex commercial litigation." *Id.* at 615 n.7 (citations omitted).

### III. ANALYSIS

19. Defendants' single counterclaim is for breach of contract. Defendants allege that Plaintiffs breached the Partnership Agreement and the Subscription Agreement by disclosing confidential information about the Partnership in their public filings in this lawsuit, including the Offering Circular and exhibits, as well as other written and oral communications relating to the Partnership. Defendants assert that they have been damaged as a result of the disclosures. (Counterclm. ¶¶ 14–15.)

20. Plaintiffs argue Defendants have failed to identify information "from the Partnership" that was improperly disclosed and, therefore, their allegations are conclusory and fail to state a valid claim for relief. (Mem. Supp. Mot. Dismiss

Counterclm., 5, ECF No. 45 [hereinafter "Pls. Brief"].) Additionally, they contend that disclosure of the information at issue is protected by "litigation privilege." (Pls. Brief 5–7.) Finally, they maintain that Defendants, by including the Offering Circular as an exhibit to their counterclaim, have waived their right to pursue a claim against Plaintiffs for the same disclosure. (Pls. Brief 7–8.)

21. Defendants respond that, at this stage of the litigation, they have adequately identified the information that was improperly disclosed. (Defs.' Opp. Mot. Dismiss Counterclm. 3–8, ECF No. 53 [hereinafter "Defs. Brief"].) They further contend that no North Carolina law recognizes a litigation privilege under the circumstances presented here and that the case law cited by Plaintiffs for the proposition that Defendants have waived their claim is inapposite. (Defs. Brief 8–10.)

22. The Court concludes that Defendants' counterclaim states a valid claim for relief. "The elements for a breach of contract claim are the existence of a valid contract and a breach of the terms therein." *Moss v. N.C. Dep't of State Treasurer, Ret. Sys. Div.*, 2022-NCCOA-206, \*P16. Both elements are satisfied here. Defendants have alleged that the terms of the Partnership Agreement and the Subscription Agreement established a contractual relationship "by and amongst the parties." (Counterclm. ¶ 6.) They have set out the language of the confidentiality provision in the Offering Circular and in the accompanying Subscription Agreement. (Counterclm. ¶¶ 8–9.) Defendants have also alleged that the terms were breached by Plaintiffs' public filings. (Counterclm. ¶ 10.) Nothing further is required at this

juncture. *See Bennett v. Bennett*, 2019 NCBC LEXIS 47, at *4 (N.C. Super. Ct. Aug. 6, 2019) (denying motion to dismiss and noting that "our appellate courts routinely reverse trial court orders that require anything more" than an allegation of a valid contract and its breach (citations omitted)).

23. With regard to Plaintiffs' claimed litigation privilege, Plaintiffs have failed to cite any North Carolina case holding that a party to a confidentiality agreement possesses a privilege to file documents in the public record in violation of that agreement. Business Court Rule 5 provides a mechanism for any party to request that a filing be made under seal and gives both parties an opportunity to be heard on the issue before the Court renders a ruling. Plaintiffs' decision not to utilize that mechanism in this case is not protected by the asserted privilege.

24. Finally, Plaintiffs waiver argument also fails. The allegations in the Amended Complaint assert that it was Plaintiffs who accepted a contractual duty not to disclose confidential information. Nothing in the Amended Complaint alleges that Defendants agreed to be bound by the same duty. Furthermore, Defendants' decision to file the confidential material with their counterclaim came only after Plaintiffs had already put the same material on the public record. Thus, Defendants' decision to file confidential material does not constitute a waiver of the Plaintiffs' alleged breach.

IV. CONCLUSION

25. THEREFORE, for the foregoing reasons, Plaintiffs' Motion to Dismiss Counterclaim is hereby DENIED.

IT IS SO ORDERED, this the 24th day of August, 2022.

/s/ Julianna Theall Earp

Julianna Theall Earp
Special Superior Court Judge
 for Complex Business Cases