JOHN RONEY AND NORTH STATE FINANCIAL CORPORATION v. MAX RAY JOYNER, FERRELL L. BLOUNT III, WILLIAM G. BLOUNT, CHARLES L. BROOM, R. E. DAVENPORT, JR., I. JACKSON EDWARDS, VANCE T. FORBES, R. E. KIRKLAND, JR., WILLIAM D. REAGAN, JR., DIRECTORS OF NORTH STATE FINANCIAL CORPORATION, PEAT, MARWICK AND MITCHELL & CO., CPAS, AND TRIDENT FINANCIAL SERVICES, INC.

No. 863SC1016

(Filed 2 June 1987)

**Corporations § 6— shareholder's action on behalf of other stockholders—no demand made on directors to recover damages—action properly dismissed**

Plaintiff's action brought on behalf of a corporation and other shareholders alleging that the corporation was damaged by the mismanagement and neglect of defendants was properly dismissed where plaintiff did not demand that the directors take steps to recover the damage allegedly sustained; in the

absence of circumstances indicating that such a step would be futile, a demand that the directors act is a prerequisite to a shareholder's suing on behalf of the corporation; and plaintiff did not allege with particularity facts indicating that such a demand would be futile but simply alleged a conclusion that the corporate directors would not act because they were in charge of the corporation at the time involved and committed some of the negligent acts complained of.

APPEAL by plaintiffs from *Barefoot, Judge.* Order entered 16 May 1986 in Superior Court, PITT County. Heard in the Court of Appeals 4 February 1987.

*Pritchett, Cooke & Burch, by W. W. Pritchett, Jr., for plaintiff appellants.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Daniel W. Fouts and George W. Jarecke, for defendant appellees Joyner, F. L. Blount III, W. G. Blount, Broome, Edwards, Forbes and Kirkland.*

*Womble Carlyle Sandridge & Rice, by William C. Raper, Jim D. Cooley and Timothy G. Barber, for defendant appellee Reagan.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by James T. Williams, Jr. and Jim W. Phillips, for defendant appellee Peat, Marwick, Mitchell & Co.*

*Poyner & Spruill, by John R. Jolly, Jr. and Ernie K. Murray, for defendant appellee Trident Financial Services, Inc.*

PHILLIPS, Judge.

Plaintiff Roney, who owns 2,500 shares of stock in North State Financial Corporation, a North Carolina enterprise, brought this action upon behalf of the corporation and the other shareholders, alleging that the corporation was damaged by the mismanagement and neglect of the defendants in acquiring First Colony Savings and Loan Association's stock. The individual defendants were directors of North State Financial Corporation when the stock was acquired and the corporate defendants — Trident Financial Services, a private consulting firm, and defendant Peat, Marwick, Mitchell & Co., an accounting firm — advised the directors about the acquisition. In substance, the complaint alleges that the defendant directors did not exercise reasonable care in acquiring the First Colony Savings and Loan

Association stock at $17 per share and that the corporate defendants did not properly advise the directors in regard thereto. As to the defendant directors, the complaint alleges more specifically that in acquiring the stock at the price agreed to they failed to properly supervise management, failed to inform themselves of First Colony's situation, activities, and worth, and failed to follow proper business practices and procedures. The complaint does not allege either that the directors acted fraudulently, or in bad faith for their own interest, or that plaintiffs had demanded that the directors take steps to recover the damage allegedly sustained; instead, the complaint merely states that a demand for the directors to act would have been futile because the directors controlled the corporation and committed some of the acts plaintiffs complained of. Plaintiffs took a voluntary dismissal as to one director, R. E. Davenport, Jr., and pursuant to the motions of the remaining defendants under the provisions of Rule 12(b)(6) of the N.C. Rules of Civil Procedure the complaint was dismissed as to all the defendants.

While the order of dismissal is based on several grounds only one requires discussion—plaintiffs' failure to demand action by the corporation's governing board. It is fundamental everywhere that ordinarily the business affairs of a corporation are controlled by its board of directors, and that in the absence of circumstances indicating that the directors cannot or will not pursue the company's rights against others no shareholder can properly take on that task. Under our law a shareholder who brings a derivative action to enforce an alleged corporate right, as plaintiff Roney did here, must—

> allege with particularity the efforts, if any, made . . . to obtain the action he desires from the directors . . . and the reasons for his failure to obtain the action or for not making the effort.

G.S. 55-55(b). This provision has been construed to mean that in the absence of circumstances indicating that such a step would be futile, a demand that the directors act is a prerequisite to a shareholder suing upon behalf of the corporation. *Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *cert. denied, appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 181 (1979). The demand requirement is fundamental and serves a good purpose; it promotes

Roney v. Joyner

continuity in the management of the company's business; it enables the directors to correct mistakes if any have been made; and by requiring stockholders to exhaust their intra-corporate remedies it helps prevent the filing of precipitate and unnecessary litigation. *Alford v. Shaw*, 318 N.C. 289, 349 S.E. 2d 41 (1986), *reh'g allowed*, 318 N.C. 703, 351 S.E. 2d 738 (1987); *Aronson v. Lewis*, 473 A. 2d 805 (Del. Supr. 1984). A demand for action by the directors is unnecessary only when the complaint alleges with particularity facts indicating that such a demand would be futile. Particular facts that excuse a shareholder from demanding action by the board of directors before suing to enforce a corporate right include, so our courts have held, those that indicate corruption or bad faith by the directors, such as self-dealing or self-interest, fraud, or conflict of interest. *Hill v. Erwin Mills, Inc.*, 239 N.C. 437, 80 S.E. 2d 358 (1954); *Loy v. Lorm Corp.*, 52 N.C. App. 428, 278 S.E. 2d 897 (1981); *Swenson v. Thibaut, supra.* Our courts have not held that the mere negligence of the directors in evaluating a purchase or in relying upon the advice of accounting and investment experts, all that plaintiffs' complaint alleges, is such a particular fact, and we do not believe that it is. For virtually every corporate derivative action is based upon some claimed default of the corporation's directors and their failure to correct it; and if that was all that a suing shareholder had to allege in suing for the corporation the statutory demand requirement would be a dead letter. Plaintiffs' allegation that the corporate directors would not act because they were in charge of the corporation at the time involved and committed some of the negligent acts complained of is thus but an unsupported conclusion. Since it cannot be soundly deduced from the facts stated in the complaint that it would be futile to ask the directors to seek redress from the corporate defendants the particularized statement of facts that our law requires has not been made, and plaintiffs' action was properly dismissed as to all defendants.

Affirmed.

Judges BECTON and JOHNSON concur.