Finley v. Brown, 2017 NCBC 78.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 2812

ALBERT EARLE FINLEY, III,
individually and derivatively on
behalf of the A.E. FINLEY
FOUNDATION, INC.,

        Plaintiff,

v.

ROBERT C. BROWN; ALTON E.
HOWARD; CHARLES D.
NOTTINGHAM, III; WALTER
NOTTINGHAM; and JOSH STEIN,
Attorney General of the State of
North Carolina,

        Defendants,

v.

A.E. FINLEY FOUNDATION, INC.,

        Nominal Defendant.

**ORDER AND OPINION ON
DEFENDANTS' MOTIONS TO
DISMISS AND SCHEDULING ORDER**

1.     **THIS MATTER** is before the Court upon Defendants Robert C. Brown, Alton E. Howard, Charles D. Nottingham, III, and Walter Nottingham's (collectively "Director Defendants") Motion to Dismiss and Nominal Defendant A.E. Finley Foundation, Inc.'s (the "Foundation") Motion to Dismiss (collectively, the "Motions") in the above-captioned case (collectively, Director Defendants and the Foundation, "Defendants").

2.     Having considered the Motions, briefs in support of and in opposition to the Motions, and the arguments of counsel at the hearing on the Motions on June 29, 2017, the Court **DENIES** Defendants' Motions to Dismiss Plaintiff's derivative

claims and **DEFERS** ruling on Defendants' Motions to Dismiss Plaintiff's direct claim for enforcement of charitable gifts for the reasons set forth herein.

*Womble Carlyle Sandridge & Rice, LLP, by Pressly M. Millen and Elizabeth K. Arias, for Plaintiff Albert Earle Finley, III, individually and derivatively on behalf of the A.E. Finley Foundation, Inc.*

*Manning, Fulton & Skinner, P.A., by Michael T. Medford, for Defendants Robert C. Brown, Alton E. Howard, Charles D. Nottingham, III, and Walter Nottingham.*

*Kilpatrick Law Group, PLLC, by Thomas Chen Kilpatrick, for Nominal Defendant A.E. Finley Foundation, Inc.*

*North Carolina Department of Justice, by Jennifer T. Harrod, for Defendant Josh Stein, Attorney General of the State of North Carolina.*

Bledsoe, Judge.

I.

PROCEDURAL HISTORY

3.    Plaintiff Albert Earle Finley, III ("Plaintiff") filed this action on March 6, 2017, asserting claims against the Director Defendants (i) derivatively on behalf of the Foundation under N.C. Gen. Stat. § 55A-7-40, (ECF No. 1 at 1), for alleged breach of fiduciary duty, gross mismanagement of the Foundation, and unjust enrichment, entitling the Foundation to damages, removal of the Director Defendants from the Foundation Board of Directors, and injunctive relief prohibiting Plaintiff's removal from the Foundation Board, (ECF No. 1 at 17–20), and (ii) directly for specific enforcement of Albert Earle Finley's ("Mr. Finley") charitable gifts to the Foundation under N.C. Gen. Stat. § 36C-4-405.1(b), (ECF No. 1 at ¶¶ 1, 63).

4. On March 28, 2017, the above-captioned case was designated a mandatory complex business case under N.C. Gen. Stat. § 7A-45.4(b) by Order of Chief Justice Mark R. Martin, (ECF No. 5), and assigned to the undersigned that same day by Order of Chief Business Court Judge James L. Gale, (ECF No. 6).

5. The Director Defendants subsequently moved to dismiss Plaintiff's Complaint on April 7, 2017 under both Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. (ECF No. 13.) The Foundation, incorporating the arguments of the Director Defendants, also moved to dismiss Plaintiff's Complaint on May 8, 2017. (ECF No. 22.)

6. The Attorney General of North Carolina (the "Attorney General") filed a brief opposing the Motions on May 30, 2017, (ECF No. 24), as did Plaintiff on May 31, 2017, (ECF No. 25). The Director Defendants filed a consolidated reply in support of the Motions on June 12, 2017. (ECF No. 28.)

7. The Court held a hearing on the Motions on June 29, 2017, at which all parties were represented by counsel.

8. The Motions are now ripe for resolution.

II.

FACTUAL BACKGROUND

9. The Court states the following facts, drawing all reasonable inferences in favor of Plaintiff, only for purposes of ruling on the Motions.

10. The Foundation is a North Carolina corporation, operating as a private charitable foundation, created by Mr. Finley in 1957 for the purpose of supporting

charitable organizations and programs with financial distributions. (ECF No. 1 at ¶¶ 5, 18.) Mr. Finley gave gifts to the Foundation during his lifetime, (ECF No. 1 at ¶ 61), and named the Foundation as the primary beneficiary of his estate in his Last Will and Testament dated July 16, 1986 (the "Will"), (ECF No. 1 at ¶ 18).[1]

11. Plaintiff is one of five directors of the Foundation's board of directors (the "Board" or "Board of Directors"). (ECF No. 1 at ¶ 6.) The other four directors of the Foundation are the Director Defendants—Robert C. Brown ("Brown"), (ECF No. 1 at ¶ 7), Alton E. Howard ("Howard"), (ECF No. 1 at ¶ 8), Charles D. Nottingham, III, (ECF No. 1 at ¶ 9), and Walter Nottingham, (ECF No. 1 at ¶ 10). Brown has also served as the President of the Foundation since October 10, 1986. (ECF No. 1 at ¶ 7.)

12. Plaintiff alleges that the Director Defendants have breached their fiduciary duties to the Foundation, grossly mismanaged the Foundation, and unjustly enriched themselves, (ECF No. 1 at ¶¶ 38–55), by, among other things, failing to prudently manage the assets of the Foundation, incurring unnecessary expenses, paying themselves excessive compensation, and dishonoring Mr. Finley's intent as the donor of charitable gifts to the Foundation, (ECF No. 1 at ¶¶ 15–16). As a result of these alleged actions, Plaintiff seeks damages on behalf of the Foundation, removal of the Director Defendants from the Foundation's Board, and an order prohibiting the

---

[1] The Will is attached as Exhibit A to the Complaint and is expressly incorporated into the Complaint. (ECF No. 1 at ¶ 18.) *See Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009).

Director Defendants from removing Plaintiff from the Board.  (ECF No. 1 at ¶¶ 44, 51, 55–59.)

13.   Plaintiff further alleges that:

Plaintiff did not make any demand on [Director] Defendants or the Board of the Foundation to institute this action because such demand would have been a futile, wasteful and useless act, particularly for the following reasons:

a.      Each of the [Director] Defendants is fully aware of and actively participated in the alleged acts constituting breach.   [Director] Defendants were aware of all compensation paid to themselves and Foundation employees.  [Director] Defendants were aware of all other operating expenses paid out of Foundation assets.   [Director] Defendants were aware of and participated in the decision to allow Defendant Brown to self-manage over $16 million of the Foundation's assets.  [Director] Defendants were aware of and allowed Defendant Brown to invest over $12 million of Foundation assets in two stocks. [Director] Defendants were aware of and refused to address the fact that their actions were sending the Foundation down a path toward sun-setting.   Thus, [Director] Defendants permitted and condoned the unlawful practices described herein and any demand upon them to correct their breach of duties would have been futile.

b.      [Director] Defendants control the Board and their own compensation.  As such, [Director] Defendants will not institute this action against themselves as to do so would jeopardize each [Director] Defendant's own personal financial compensation.

c.      The sole professional occupation of Defendant Brown is his employment with the Foundation, pursuant to which he received and continues to receive substantial and excessive monetary compensation. In addition, the sole professional occupation of Defendant Brown's daughter, Jill Adams, is her employment with the Foundation. Likewise, the sole professional occupation of Defendant Howard's daughter-in-law, Lesa Howard, is her employment with the Foundation. Accordingly, Defendants Brown and Howard are not disinterested and independent and would not institute this action as it would jeopardize the personal financial compensation of Defendant Brown and Defendants Brown's and Howard's family members.

d.      Furthermore, [Director] Defendants comprise a majority of the

Board of Directors of the Foundation. Each participated in the wrongs complained of herein and, therefore, each breached the fiduciary duties that he owed to the Foundation and is potentially liable for damages. Thus, [Director] Defendants cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this action because [Director] Defendants would have to sue themselves which they will not do, thereby excusing demand.

e. The acts complained of constitute violations of fiduciary duties owed by the Foundation's directors and officers and these acts are incapable of ratification.

f. If Plaintiff had made a demand on [Director] Defendants to institute this action, [Director] Defendants would have removed Plaintiff as director, thereby depriving him of standing to institute the action himself. Such a result would have effectively prevented any action to correct the breach of duties committed by [Director] Defendants from ever being filed. Despite this fact, Plaintiff did bring all of the acts complained of herein to the attention of [Director] Defendants at various Board meetings. Indeed, Plaintiff has attempted for over one year to get the Board to lower expenses, reduce compensation, become better diversified and employ professional managers. [Director] Defendants were unwilling to take any action. Making further demand on [Director] Defendants would have been futile.

(ECF No. 1 at ¶ 37.)

14. Plaintiff further asserts that, as an "interested party," he may maintain a proceeding to enforce the charitable gifts made by Mr. Finley to the Foundation under N.C. Gen. Stat. § 36C-4-405.1(b). (ECF No. 1 at ¶¶ 1, 63.)

III.

LEGAL STANDARD

15. Defendants' Motions challenge the adequacy of Plaintiff's pre-suit demand in asserting his derivative claims and Plaintiff's standing to bring a direct claim. As this Court has recognized, "[t]he challenge to the adequacy of any pre-suit demand is,

*inter alia*, a challenge to the Court's subject matter jurisdiction over the derivative claims." *Petty v. Morris*, 2014 NCBC LEXIS 67, at *4 (N.C. Super. Ct. Dec. 16, 2014) (Gale, J.). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction," *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002), and "standing arguments can be presented under both Rule 12(b)(1) and Rule 12(b)(6)," *Sykes v. Health Solutions, Inc.*, 2013 NCBC LEXIS 55 at *8 (N.C. Super. Ct. Dec. 5, 2013) (citing *Teague v. Bayer AG*, 195 N.C. App. 18, 22–23, 671 S.E.2d 550, 554 (2009); *Meadows v. Iredell County*, 187 N.C. App. 785, 787, 653 S.E.2d 925, 928 (2007)).

16. In ruling on a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), the Court may consider matters outside the pleadings in determining whether subject matter jurisdiction exists. *Keith v. Wallerich*, 201 N.C. App. 550, 554, 687 S.E.2d 299, 302 (2009) (citing *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1978)). Here, however, the Complaint is the only matter of record before the Court relevant to the Motions. Accordingly, the Motions are properly considered under the standard of review for motions brought under Rule 12(b)(6). *See DiCesare v. Charlotte-Mecklenburg Hosp. Auth.*, 2017 NCBC LEXIS 33, at *20 (N.C. Super. Ct. Apr. 11, 2017) (Robinson, J.) (citing *Munger v. State*, 202 N.C. App. 404, 410, 689 S.E.2d 230, 235 (2010)).

17. In ruling on a motion to dismiss under Rule 12(b)(6), the Court considers "whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim." *Arroyo v. Scottie's Prof'l Window*

*Cleaning, Inc.*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995). The Court construes the pleading liberally and generally accepts all allegations as true. *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009). Furthermore, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted).

18.    Where the pleading refers to and depends on certain documents, the Court may consider those documents without converting the motion into one for summary judgment under Rule 56. *See Schlieper*, 195 N.C. App. at 261, 672 S.E.2d at 551. At the same time, the Court may not consider materials that are not mentioned, contained, or attached in or to the pleading; otherwise, a Rule 12(b)(6) motion will be converted into a Rule 56 motion and subject to its standards of consideration and review. *Fowler v. Williamson*, 39 N.C. App. 715, 717, 251 S.E.2d 889, 890–91 (1979).

19.    Dismissal pursuant to a Rule 12(b)(6) motion is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985) (citing *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241(1981); *Schloss Outdoor Advert. Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E. 2d 920, 922 (1980)).

20.     The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005) (citation omitted). A "trial court can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint." *Laster*, 199 N.C. App. at 577, 681 S.E.2d at 862. The Court may also ignore a party's legal conclusions set forth in its pleading. *McCrann v. Pinehurst, LLC*, 225 N.C. App. 368, 377, 737 S.E.2d 771, 777 (2013).

IV.

ANALYSIS

21.     Defendants move to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) because (i) Plaintiff failed to plead allegations sufficient to meet the requirements for bringing derivative claims under the North Carolina Nonprofit Corporation Act, N.C. Gen. Stat. § 55A-7-40(b), and (ii) Plaintiff does not have standing to assert claims in his individual capacity. (Director Defs.' Br. Supp. Mot. Dismiss 2, 10, ECF No. 13; Foundation's Br. Supp. Mot. Dismiss 3, ECF No. 22.)

A. Derivative claims on behalf of the Foundation.

22.     Defendants argue that the Complaint must be dismissed because Plaintiff fails to allege with particularity the efforts that were made by Plaintiff to "obtain a change in the disputed corporate policies and practices before bringing suit" as required under N.C. Gen. Stat. § 55A-7-40(b). (ECF No. 13 at 6–7.) Plaintiff argues in response that section 55A-7-40(b) does not require dismissal for failure to allege

such efforts because the statute contains a demand futility exception, which Plaintiff has satisfied. (Pl.'s Resp. Opp. Mot. Dismiss 9–10, ECF No. 25; *see also* Att'y General's Br. Opp. Mot. Dismiss 10–11, ECF No. 24.)

23. Plaintiff maintains that he has met the demand futility exception by pleading that it would be futile to ask the Board to sue themselves because the facts, as alleged, show that the Board "is under the control of the guilty parties." (ECF No. 25 at 11 (quoting *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 409, 537 S.E.2d 248, 261 (2000).) Defendants contend, however, that Plaintiff's allegations are insufficient and argue that the statute requires Plaintiff to make "specific and particularized demands to the Board for the desired changes in corporate policies and practices before reaching the point where he wanted to file suit." (Director Defs.' Reply 8–9, ECF No. 28.)

24. The North Carolina Nonprofit Corporation Act currently provides, in relevant part, as follows:

> (a) An action may be brought in a superior court of this State, which shall have exclusive original jurisdiction over actions brought hereunder, in the right of any domestic or foreign [nonprofit] corporation by any member or director . . . .

> (b) The complaint shall allege with particularity the efforts, *if any*, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

N.C. Gen. Stat. § 55A-7-40(a), (b) (2015) (emphasis added).

25. This language is nearly identical to the language used in the North Carolina Business Corporation Act ("BCA") prior to the BCA's 1995 amendments. Indeed, until the 1995 amendments, the BCA provided, in relevant part, as follows:

(a) An action may be brought in the superior court of this State, which shall have exclusive original jurisdiction over actions brought hereunder, in the right of any domestic or foreign corporation by a shareholder or holder of a beneficial interest in shares of such corporation . . . .

(b) The complaint shall allege with particularity the efforts, *if any*, made by the plaintiff to obtain the action he desires from the directors or comparable authority and the reasons for his failure to obtain the action or for not making the effort.

N.C. Gen. Stat. § 55-7-40(a), (b) (1994) (emphasis added).

26. The North Carolina Court of Appeals has construed subsection b of section 55-7-40 in the pre-1995 BCA as "recogniz[ing] an equitable exception excusing a shareholder from making demand where demand would be futile." *Norman*, 140 N.C. App. at 408, 537 S.E.2d at 261 (citing *Roney v. Joyner*, 86 N.C. App. 81, 84, 356 S.E.2d 401, 403 (1987)). The court observed that the futility exception was "grounded in the ancient principle that the law does not require a person to do a vain, or futile, act." *Id.* at 408, 537 S.E.2d at 261 (citing *Seaboard Air Line R.R. v. Atl. Coast Line R.R.*, 240 N.C. 495, 515, 82 S.E.2d 771, 785 (1954)).

27. Having recognized this exception, the Court of Appeals has elaborated that, under the pre-1995 BCA,

[a] demand for action by the directors is unnecessary only when the complaint alleges with particularity facts indicating that such a demand would be futile. Particular facts that excuse a shareholder from demanding action by the board of directors before suing to enforce a corporate right include . . . those that indicate corruption or bad faith by

the directors, such as self-dealing or self-interest, fraud, or conflict of interest.

*Roney*, 86 N.C. App. at 84, 356 S.E.2d at 403 (citing *Hill v. Erwin Mills, Inc.*, 239 N.C. 437, 80 S.E.2d 358 (1954); *Loy v. Lorm Corp.*, 52 N.C. App. 428, 278 S.E.2d 897 (1981); *Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E.2d 279 (1978)); *see also Norman*, 140 N.C. App. at 409, 537 S.E.2d at 261 (holding that the futility exception under the pre-1995 BCA arises when "corporate management is under control of the guilty parties . . . since the guilty parties would not comply with the request" (quoting *Murphy v. City of Greensboro*, 190 N.C. 268, 275–76, 129 S.E. 614, 617–19 (1925))).

28. The Court concludes that the concerns giving rise to the demand futility exception under the pre-1995 BCA are equally applicable in the context of a nonprofit corporation like the Foundation here. Thus, because the pre-1995 version of section 55-7-40(b) is identical in all material respects to current section 55A-7-40(b)[2] and has been interpreted by our appellate courts to allow a demand futility exception, the Court concludes that section 55A-7-40(b) similarly excuses a demand when a plaintiff's complaint alleges "with particularity facts indicating that such a demand would be futile." *Roney*, 86 N.C. App. at 84, 356 S.E.2d at 403.

29. Here, Plaintiff alleges that demand on the Foundation's Board to institute this action "would have been futile" because (i) the Director Defendants constituted a majority of the Board and "actively participated in the alleged acts constituting breach"; (ii) Plaintiff's requested relief would have jeopardized the Director

---

[2] *See* North Carolina Comments, N.C. Gen. Stat. § 55A-7-40 (stating that the North Carolina Nonprofit Corporation Act "is based in large part upon the [pre-1995 BCA]. . . . and, where appropriate, incorporates the substance of the [pre-1995 BCA]").

Defendants' "personal financial compensation" and "the personal financial compensation of. . . [their] family members[,]"; and (iii) making demand to institute suit would have subjected Plaintiff to likely removal as a director, thus depriving him of standing to sue on behalf of the Foundation and, therefore, to commence this action. (ECF No. 1 at ¶ 37.) *See Morris v. Thomas*, 161 N.C. App. 680, 685, 589 S.E.2d 419, 423 (2003) (holding that N.C. Gen. Stat. 55A-7-40(a) does not extend standing to former directors).

30. Plaintiff premises his allegations of self-interest and conflict of interest on his factual assertions that (i) the Director Defendants control and constitute a majority of the Board; (ii) they "actively participated in the alleged acts constituting breach"; (iii) these acts "potentially [subject the Director Defendants to] liabil[ity] for damages"; and (iv) the Director Defendants "control . . . their own compensation" and the compensation of Foundation employees, which include Defendant Brown and relatives of Defendants Brown and Howard. (ECF No. 1 at ¶ 37.)

31. Because these factual allegations support a conclusion to a reasonable certainty that the Director Defendants would refuse to cause the Foundation to bring suit against themselves, the Court concludes that Plaintiff's allegations are consistent with North Carolina decisions permitting application of the demand futility exception under the pre-1995 BCA and satisfy Plaintiff's obligation to explain the reasons for not making demand as required under section 55A-7-40(b). *See Coble v. Beall*, 130 N.C. 533, 536, 41 S.E. 793, 794 (1902) (holding that where "the facts as alleged show that the defendants charged with a wrongdoing . . . constituted a

majority of the directors . . . , so that a refusal of the managing body, if requested, to bring suit in the name of the corporation, may be informed with reasonable certainty, then an action by a stockholder may be maintained without alleging or proving any notice, request, demand or express refusal."); *see also Swenson*, 39 N.C. App. at 102–103, 250 S.E.2d at 295 (demand futility found where director defendants constituted board majority); *Loy*, 52 N.C. App. at 436, 278 S.E.2d at 903 (same).[3]

32.     Defendants further contend that even if Plaintiff can show that demand to the Board to institute this action would have been futile, section 55A-7-40(b) still imposes on Plaintiff an obligation to attempt to reform the corporate policies he challenges and to plead the substance of those attempts.  The Court disagrees.

33.     First, Defendants ignore the plain language of the statute, which requires that the pleading allege with particularity either (i) the demand made and the "reasons for [the] failure to obtain the action" or that (ii) no demand was made and the "reasons . . . for not making the effort."  N.C. Gen. Stat. § 55A-7-40(b).  Defendants' construction seeks to impose a pleading requirement not present in the statute.  *See, e.g., Carrington v. Brown*, 136 N.C. App. 554, 558, 525 S.E.2d 230, 234 (2010) ("Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.") (quotation and citation omitted).,

---

[3] Plaintiff's allegation that Board demand would have likely resulted in his retaliatory removal as a director, with resulting loss of standing to bring his derivative claims, provides further support for the Court's conclusion that Plaintiff has satisfied the requirements of section 55A-7-40(b).

34. Further, to support their position, Defendants rely on Judge McGuire's decision in *Dillard/Goldsboro Alumni & Friends v. Smith*, 2016 NCBC LEXIS 35 (N.C. Super. Ct. Apr. 27, 2016), arguing that *Smith* requires "specific and particularized pre-suit demands." (ECF No. 13 at 7.) The *Smith* decision, however, addresses the particularity that is required when a demand is made—not, as here, when demand is sought to be excused on grounds of futility. 2016 NCBC LEXIS 35, at *14, 17.

35. Finally, Plaintiff seeks, as the Foundation's relief, monetary damages from, and removal of, the Director Defendants, not changes in the Foundation's corporate policies and practices, such as a reduction in the Foundation's expenses and director compensation. Contrary to Defendants' contentions, the specific statutory language at issue—identical in both pre-1995 section 55-7-40(b) and current section 55A-7-40(b)—does not require a plaintiff to attempt to reform the corporate policies that gave rise to the plaintiff's derivative claim for breach of fiduciary duty, and to plead the substance of those attempts, where, as here, the plaintiff has not sought reform of those corporate policies through the derivative litigation. *See Greene v. Shoemaker*, 1998 NCBC LEXIS 4, at *9 (N.C. Super. Ct. Sept. 24, 1998) (noting under the current BCA that "[i]n determining whether the demand requirement has been met the Court must compare the derivative claims asserted in a complaint against the specific demands a plaintiff has made prior to filing suit.").

36. Accordingly, for the reasons set forth above, the Court concludes that Plaintiff has satisfied the demand futility exception under section 55A-7-40(b) and

thus that Defendants' Motions to Dismiss Plaintiff's derivative claims for failure to make timely demand should be denied.

B. <u>Direct claim.</u>

37.     Plaintiff claims that he has the right to bring a direct claim against the Director Defendants as an "interested party" under N.C. Gen. Stat. § 36C-4-405.1(b)[4] to enforce Mr. Finley's charitable gifts to the Foundation.  (ECF No. 1 at ¶¶ 1, 60.) He contends that (i) the Will set forth conditions in Articles II and III to which the Foundation should be required to abide, (ECF No. 25 at 7–8), and, (ii) the Director Defendants violated the *intent* of Mr. Finley's charitable gift—i.e., that the gift be used for charitable purposes—by mismanaging the gift through improper

---

[4] Section 36C-4-405.1 is titled "Enforcement of charitable gift or trust" and provides, in relevant part, as follows:

> (a)     The settlor of a charitable trust, the Attorney General, the district attorney, a beneficiary, or any other interested party may maintain a proceeding to enforce a charitable trust, including the following:
>         (1)     A proceeding to require a trustee to make a selection as may be necessary to establish the charitable beneficiaries or purposes for which the trust was established, as provided in subdivisions (d)(1) and (d)(2) of G.S. 36C-4-405;
>         (2)     A proceeding for breach of fiduciary duty if there is reason to believe that the trust property has been mismanaged through negligence or fraud; and
>         (3)     A proceeding for an accounting of the trustee's administration of the trust.
> (b)     The donor of a charitable gift, the Attorney General, the district attorney, or any other interested party may maintain a proceeding to enforce the gift, including a proceeding to require the recipient of the gift to make a selection as may be necessary to establish the charitable beneficiaries or purposes for which the gift was intended, as provided in subdivisions (d)(1) and (d)(2) of G.S. 36C-4-405.

N.C. Gen. Stat. § 36C-4-405.1.

expenditures and investments, (ECF No. 25 at 8). Plaintiff premises his claim to be an "interested party" on his status as a Foundation director and as Mr. Finley's grandson. (ECF No. 1 at ¶ 63; ECF No. 25 at 8.)

38.     It appears to the Court that resolution of Defendants' Motions to Dismiss Plaintiff's direct claim will require an examination of N.C. Gen. Stat. § 36C-4-405.1(b)—a statute enacted in 2005—and that statute's potential application to charitable gifts. While the 2005 amendments to Chapter 36C squarely address their application to then-existing trusts, the parties did not address, and it is not clear from the face of the statute, whether section 36C-4-405.1(b) permits an "interested party" to enforce charitable gifts, like Mr. Finley's gifts at issue here, which were completed prior to the statute's enactment.

39.     As a result, the Court elects to defer ruling on Defendants' Motions to Dismiss Plaintiff's direct claim seeking enforcement of Mr. Finley's charitable gifts and, as provided below, orders the parties to consider and brief whether N.C. Gen. Stat. § 36C-4-405.1(b) applies to charitable gifts completed prior to that section's enactment, including whether N.C. Gen. Stat. § 36C-11-1106, entitled Application to Existing Relationships, applies to charitable gifts.

V.

CONCLUSION

40.     Based on the foregoing, the Court hereby **ORDERS** the following:

   a. The Court **DENIES** Defendants' Motions to Dismiss Plaintiff's derivative claims;

b. The Court **DEFERS** consideration of Defendants' Motions to Dismiss Plaintiff's direct claim under N.C. Gen. Stat. § 36C-4-405.1(b) to permit an opportunity for supplemental briefing; and

c. The Court **ORDERS** supplemental briefing as follows:

i. Plaintiff, the Director Defendants, the Foundation, and the Attorney General shall each file a brief of no more than 4,000 words no later than October 11, 2017[5] addressing whether N.C. Gen. Stat. § 36C-4-405.1(b) applies to charitable gifts completed prior to that section's enactment, including whether N.C. Gen. Stat. § 36C-11-1106, entitled Application to Existing Relationships, applies to charitable gifts.

ii. Plaintiff, the Director Defendants, the Foundation, and the Attorney General may each file a response to the initial briefs of no more than 2,000 words no later than October 23, 2017.

iii. The Court will determine at a later date whether a further hearing on the Motions is necessary.

**SO ORDERED**, this the 1st day of September, 2017.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
for Complex Business Cases

---

[5] The Court has scheduled supplemental briefing to commence fourteen (14) days after the expiration of the discovery stay in this case on September 27, 2017.