Hampton v. Hanzel, 2019 NCBC 70.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 10705

BRYAN G. HAMPTON, in his
individual capacity, as Successor
Trustee of the Thomas Marion
Hampton Testamentary Trust and as
Administrator C.T.A. of the Estate of
Thomas Marion Hampton; SUSAN E.
HAMPTON; ANN Y. HAMPTON, in
her capacity as Administrator of the
Estate of Justin Y. Hampton; and
RANDOLPH ROAD ASSOCIATES,
LLC,

Plaintiffs,

v.

JOHN F. HANZEL; JOHN F.
HANZEL, P.A.; and STEPHEN H.
LOCKE,

Defendants.

**ORDER AND OPINION ON
PLAINTIFFS' MOTION TO
DISMISS COUNTERCLAIM**

1. **THIS MATTER** is before the Court on Plaintiffs' Motion to Dismiss Counterclaim (the "Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").   (ECF No. 11.)

2. For the reasons set forth herein, the Court **GRANTS** the Motion.

*Spengler & Agans, PLLC, by Eric Spengler for Plaintiffs Bryan G. Hampton, in his individual capacity, as Successor Trustee of the Thomas Marion Hampton Testamentary Trust, and as Administrator C.T.A. of the Estate of Thomas Marion Hampton; Susan E. Hampton; Ann Y. Hampton, in her capacity as Administrator of the Estate of Justin Y. Hampton; and Randolph Road Associates, LLC.*

*John F. Hanzel, P.A., by John F. Hanzel for Defendants John F. Hanzel and John F. Hanzel, P.A.[1]*

---

[1] Following the filing by Defendants John F. Hanzel and John F. Hanzel, P.A. of their Counterclaim, John F. Hanzel was disbarred by order of the Disciplinary Hearing Commission of the North Carolina State Bar.  The Court entered an Order Regarding

Robinson, Judge.

## I.    FACTUAL BACKGROUND[2]

3.    The Court does not make findings of fact on a motion to dismiss pursuant to Rule 12(b)(6), but only recites those factual allegations from the Counterclaim that are relevant and necessary to the Court's determination of the Motion.

4.    John F. Hanzel ("Mr. Hanzel") is a resident of Mecklenburg County, North Carolina.    (Answer, Affirmative Defs. and Counterclaim, ECF No. 7 ¶ 1 ["Counterclaim"].)    John F. Hanzel, P.A. ("Hanzel, PA") is a North Carolina corporation with its principal place of business in Mecklenburg County. (Counterclaim ¶ 2.)

5.    Bryan G. Hampton is a resident of Mecklenburg County, North Carolina. (Counterclaim ¶ 3.)  Susan E. Hampton is a resident of Arlington County, Virginia. (Counterclaim ¶ 4.)  Justin Y. Hampton died intestate as a resident of Douglas County, Kansas. (Counterclaim ¶ 5.)

---

Representation on October 4, 2019, ordering John F. Hanzel, P.A. to obtain separate counsel if it wishes to appear in this action and defend the claims against it.  (ECF No. 13.)  As of the date of this Order, the October 4, 2019 Order has not been complied with.

[2] The Motion is brought pursuant to Rule 12(b)(6).  As a result, the Court is limited to its review of the relevant pleading – the Counterclaim – and any documents referred to in the pleading.  *Moch v. A.M. Pappas & Assocs., LLC*, 251 N.C. App. 198, 206, 794 S.E.2d 898, 903 (2016) (citation omitted).  Therefore, to the extent that any party has relied on extraneous evidence to support their respective positions on the Motion, the Court has not considered that evidence.  The parties' mere reference to additional documents does not automatically convert a motion to dismiss into one for summary judgment.  *See Estate of Belk v. Boise Cascade Wood Prods., L.L.C.*, 824 S.E.2d 180, 183 (N.C. Ct. App. 2019) ("[T]he trial court is not required to convert a motion to dismiss into one for summary judgment simply because additional documents are submitted. . . . Where it is clear from the record, namely from the order itself, that the additional materials were not considered by the trial court, the 12(b)(6) motion is not converted into a Rule 56 motion." (internal quotation marks, brackets, and citation omitted).)

6. Randolph Road Associates, LLC ("Randolph Road") is a North Carolina limited liability company with its primary place of business in Mecklenburg County. (Counterclaim ¶ 6.)

7. Bryan G. Hampton, in his individual capacity and capacity as trustee of the Thomas Marion Hampton Testamentary Trust (the "Hampton Trust") and Administrator C.T.A. of the Estate of Thomas Marion Hampton (the "Hampton Estate"); Susan E. Hampton; Ann Y. Hampton, in her capacity as Administrator of the Estate of Justin Y. Hampton; and Randolph Road Associates, LLC are collectively referred to herein as "Plaintiffs".

8. Mr. Hanzel was a friend of and attorney for Dr. Thomas Marion Hampton ("Dr. Hampton"), who died in 2004. (Counterclaim ¶ 8.) During his life, Dr. Hampton owned and operated a number of businesses, including Randolph Road, which were represented by Mr. Hanzel in various lawsuits. (Counterclaim ¶ 9.)

9. Mr. Hanzel also served as manager for a number of Dr. Hampton's businesses and, as a result of these positions, was "not only responsible for operations and hands on management . . . [but] was also responsible for the filing of Annual Reports, Annual meetings of shareholders and directors, and the preparation of tax returns for the various entities." (Counterclaim ¶ 15.) Mr. Hanzel alleges that Plaintiffs failed to pay money owed for these services on numerous occasions. (Counterclaim ¶ 23.)

## II.    PROCEDURAL BACKGROUND

10.    Plaintiffs filed their Complaint on May 31, 2019. (ECF No. 3.) An Order was entered by the Chief Justice of the North Carolina Supreme Court on July 1, 2019 designating this action to the North Carolina Business Court, (ECF No. 5), and the action was assigned to the undersigned Special Superior Court Judge by an Assignment Order on the same day, (ECF No. 2).

11.    Defendants Mr. Hanzel and Hanzel, P.A. (collectively referred to herein as "Defendants") filed their Answer, Affirmative Defenses and Counterclaim on June 25, 2019 (the "Counterclaim"), asserting two counterclaims against Plaintiffs.[3] (ECF No. 7.)

12.    Plaintiffs filed the Motion on August 30, 2019 seeking an order dismissing Defendants' counterclaims. Defendants failed to timely respond to the Motion. As a result, and pursuant to North Carolina Business Court Rule 7.6, the Court considers and decides the Motion as uncontested.

13.    The Motion is ripe for resolution.

## III.    LEGAL STANDARD

14.    In ruling on a motion to dismiss under Rule 12(b)(6), the Court reviews the allegations of the Counterclaim at issue in the light most favorable to Defendants. The Court's inquiry is "whether, as a matter of law, the allegations of the [counterclaims] . . . are sufficient to state a claim upon which relief may be granted

---

[3] As noted below, while styled a "Counterclaim" (singular), the pleading in question actually includes two claims: a first claim for "Money Owed" and a second claim for "Unjust Enrichment/Quantum Meruit".

under some legal theory." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The Court accepts all well-pleaded factual allegations in the Counterclaim as true. *See Kraweic v. Manly*, 370 N.C. 602, 606, 811 S.E.2d 542, 546 (2018).

15. The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005). The Court can also ignore a party's legal conclusions set forth in its pleading. *McCrann v. Pinehurst, LLC*, 225 N.C. App. 368, 377, 737 S.E.2d 771, 777 (2013).

16. Our Supreme Court has noted that "it is well-established that dismissal pursuant to Rule 12(b)(6) is proper when '(1) the [counterclaim] on its face reveals that no law supports the [defendant's counterclaim]; (2) the [counterclaim] on its face reveals the absence of facts sufficient to make a good claim; or (3) the [counterclaim] discloses some fact that necessarily defeats the [defendant's counterclaim]." *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615, 821 S.E.2d 729, 736–37 (2018) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)). This standard of review for Rule 12(b)(6) is the standard our Supreme Court "uses routinely . . . in assessing the sufficiency of [counterclaims] in the context of complex commercial litigation." *Id.* at 737 n.7.

## IV. ANALYSIS

17. The Motion seeks dismissal of claims against Plaintiffs for: (i) money owed; and (2) unjust enrichment.

### A. Money Owed

18. A claim for "money owed" is a "simple breach of contract claim [which requires] (1) the existence of a valid contract; and (2) breach of the terms of that contract." *See Haywood Builders Supply Co. v. Scanlon,* No. COA12–198, 2012 N.C. App. LEXIS 916, at *3 (N.C. Ct. App. 2012).

19. Defendants simply allege that Dr. Hampton "was a . . . client of John Hanzel for many years", that "Defendants/Counter-Plaintiff rendered services to the Counter Defendants for the benefit of Defendants"[4], and Plaintiffs are indebted for the services rendered. (Counterclaim ¶¶ 8, 20–21.) These services were allegedly provided for the various business entities once owned by Dr. Hampton, which are not parties to this litigation except for Randolph Road; the Hampton Estate; and the Hampton Trust. (Counterclaim ¶¶ 9–14.) The only perceivable allegation of a breach of contract would be failure to pay for these services.

20. However, Defendants fail to allege the existence of any contract between Plaintiffs and Defendants that would give rise to a claim of this type. *See Glob. Promotions Grp., Inc. v. Danas Inc.*, 2012 NCBC LEXIS 40, at *17 (N.C. Super. Ct. June 22, 2012) (dismissing a breach of contract claim when the complaint did not

---

[4] "Defendants" or "Counter-Plaintiff(s)" as used in the Counterclaim include Mr. Hanzel and Hanzel P.A., while "Counter Defendants" include Plaintiffs as defined by this Order.

"reference any contract in particular"). As a result, Plaintiffs' Motion to dismiss Defendants' first counterclaim for money owed should be GRANTED.

### B.    Unjust Enrichment

21.    In order to sufficiently state a claim for unjust enrichment, a party must allege: "(1) it conferred a benefit on another party; (2) the other party consciously accepted the benefit; and (3) the benefit was not conferred gratuitously or by an interference in the affairs of the other party." *Worley v. Moore*, 2018 NCBC LEXIS 114, at * 25 (N.C. Super. Ct. Nov. 2, 2018) (citing *Se. Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 330, 572 S.E.2d 200, 206 (2002)). "There is no claim for unjust enrichment if the benefit was 'voluntarily bestowed without solicitation or inducement.'" *Herrera v. Charlotte Sch. of Law, LLC*, 2018 NCBC LEXIS 35, at *49 (N.C. Super. Ct. Apr. 20, 2018) (quoting *HOMEQ v. Watkins*, 154 N.C. App. 731, 733, 572 S.E.2d 871, 872 (2002).

22.    Defendants allege that they provided legal and management services for the Hampton Estate, the Hampton Trust and various businesses once owned by Dr. Hampton, and these services were not performed gratuitously. The Counterclaim seemingly asserts the unjust enrichment claim against all Plaintiffs, however, there are no allegations setting forth that a benefit was conferred to any particular Plaintiff, aside from Randolph Road. Even so, it is unclear from the face of the Counterclaim which of the named Plaintiffs received a benefit, how exactly they were benefited, or what capacity they were benefitted in. The Counterclaim is summarily pled so that it is not possible to discern which Plaintiffs might be subjected to liability

and which Plaintiffs should defend the claim for unjust enrichment. *See Anderson v. Coastal Cmtys. at Ocean Ridge Plantation, Inc.*, 2012 NCBC LEXIS 35, at * 59 (N.C. Super. Ct. May 30, 2012) (reaching this same conclusion when the plaintiffs alleged they had express purchase contract with some of the defendants and not other defendants, but asserted an unjust enrichment claim against all of the defendants).

23. As expressly stated in *Anderson*, this sort of pleading does not comply with North Carolina standards of notice pleading. *Id.*; *see also Tillery Envtl. LLC v. A&D Holdings Inc.*, 2018 NCBC LEXIS 13, at * 78 (N.C. Super. Ct. Feb. 9, 2018) (quoting *Wake Cty. v. Hotels.com, L.P.*, 235 N.C. App. 633, 646, 762 S.E.2d 477, 486 (2014) ("Under this 'notice pleading' standard, 'a statement of claim is adequate if it gives sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case to be brought.'").

24. Furthermore, aside from Defendants' allegation that Mr. Hanzel did not provide these services gratuitously, there are no factual allegations that Plaintiffs solicited any services from Defendants or that Plaintiffs consciously accepted any alleged benefit conferred. Defendants have failed to properly allege facts supporting each of the elements of an unjust enrichment claim. *See Rabinowitz v. Suvillaga*, 2019 NCBC LEXIS 8, at *26 (N.C. Super. Ct. Jan. 28, 2019) ("This Court is not required to accept Defendant's conclusory claim that these services were not gratuitous in the absence of any factual allegations to support such a conclusion.").

Therefore, Plaintiffs' Motion to dismiss the unjust enrichment claim brought by Defendants should be GRANTED.[5]

## V.       CONCLUSION

25.       **THEREFORE**, for the foregoing reasons, the Court hereby **GRANTS** the Motion.   The counterclaims of John F. Hanzel and John F. Hanzel, P.A. are **DISMISSED**.

SO ORDERED, this the 18th day of November, 2019.


/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases

---

[5] Plaintiffs further argue that both the claim for breach of contract and the claim for unjust enrichment should be dismissed due to issue preclusion and their respective statutes of limitations.  However, the Court need not address either argument as the Counterclaim fails to state a claim for which relief can be granted and is therefore deficient on its face.